111 WEST 16 STREET OWNERS, INC., ALAN SILVERMAN, TAX MATTERS PERSON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 12318-87.          June 23, 1988.

*Geoffrey J. O'Connor,* for the petitioner.
*Henry S. Schneiderman,* for the respondent.

OPINION

WILLIAMS, *Judge:* This case is before the Court on petitioner's motion to dismiss for lack of jurisdiction. The Commissioner determined adjustments to 111 West 16 Street Owners, Inc.'s (Owners) S corporation return for its 1983 taxable year as set forth in a Notice of Final S Corporation Administrative Adjustment.

Petitioner's position is that Owners was not subject to the S corporation audit and litigation procedures (secs. 6241 et seq.[1]), in 1983 because it was a small S corporation having only three shareholders. Respondent argues that in 1983 there was no exception from the S corporation audit and litigation procedures for S corporations having three shareholders.

The relevant facts are not in dispute. Petitioner Alan Silverman is the tax matters person of Owners, a corporation having its principal place of business at New York, New York, at the time the petition was filed. Owners' election to be taxed as a subchapter S corporation was in effect for the year at issue. In 1983 Owners had three shareholders.

On March 4, 1987, respondent mailed a Notice of Final S Corporation Administrative Adjustment to petitioner. Petitioner timely filed a petition with this Court seeking readjustment of respondent's determinations. On February

---

[1]All section references are to the Internal Revenue Code of 1954 as in effect for the year in issue unless otherwise specified.

1, 1988, petitioner filed his motion to dismiss for lack of jurisdiction on the ground that Owners was exempt from the S corporation audit and litigation procedures as a small S corporation. On March 8, 1988, respondent filed his notice of objection. We held a hearing on petitioner's motion in New York City on April 11, 1988.

Petitioner urges us to reconsider and reject the rationale of *Blanco Investments & Land, Ltd. v. Commissioner,* 89 T.C. 1169 (1987). Petitioner believes that we properly read section 6244 to mandate an exception from the S corporation audit and litigation procedures for small S corporations, but that we erroneously concluded that the statute did not require a strict adherence to the small partnership exception. Petitioner argues that the small S corporation exception must apply to S corporations having 10 or fewer shareholders. If the statute so provided, we would lack jurisdiction in this case. 89 T.C. at 1173.

Respondent now agrees with our reasoning in *Blanco.* He concedes that the statute mandates an exception for small S corporations and further agrees that, as administrator, he is responsible for setting the qualifying number of shareholders for the exception at a number greater than one. *Blanco* presented the issue of the applicability of the small S corporation exception for a corporation having a single shareholder. In this case, respondent asks us to decide finally that the small S exception cannot be applied, in the absence of regulations, to S corporations having more than one shareholder.

At the outset, we note that the issue here, though having great administrative significance, is limited to S corporations having a due date for their tax returns before January 30, 1987. Respondent's temporary regulations, providing an exception for S corporations with five or fewer shareholders, apply to S corporations the due date of the returns for which are on or after January 30, 1987. Sec. 301.6241-1T(c)(2)(i), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987); *Blanco Investments & Land, Ltd. v. Commissioner,* 89 T.C. at 1172-1173. In *Blanco,* we stated that:

If we were to set the number of shareholders an S corporation may have and still qualify for a small S corporation exception, we would be

acting as the tax administrator. That is not our position, and we will not usurp it. * * * [89 T.C. at 1175; fn. ref. omitted.]

Setting the qualifying number of shareholders for the small S corporation exception is an administrative function because the significance of the choice is purely an administrative one. Respondent has a choice to apply mutually exclusive statutory procedures—S corporation audit and litigation procedures (secs. 6241 et seq.), or deficiency procedures (secs. 6211 et seq.)—in the Federal income tax audit and any subsequent litigation between the Government and taxpayers. The procedural rights and duties of the Government and of taxpayers that flow from that choice differ significantly and have materially different consequences. Cf. *Maxwell v. Commissioner*, 87 T.C. 783, 787-788 (1986) (summary of distinction between deficiency procedures and partnership procedures). The choice does not, however, affect the nature of the substantive law governing taxpayers' transactions. Such a choice is, therefore, best made by the person charged with administering the statute, i.e., the Commissioner.

Nevertheless, as we discussed in *Blanco*, leaving the choice with the administrator does not permit him to make whatever choice he desires. 89 T.C. at 1175-1176. For example, respondent probably could not set the qualifying number of shareholders at greater than 10 without abusing his discretion (89 T.C. at 1175 n. 6), and as we held in *Blanco*, and as respondent now agrees, the statute minimally requires an exception for a single shareholder S corporation. 89 T.C. at 1176.

Petitioner argues that we were wrong in *Blanco* to defer to the administrator's discretion. He argues that the statute plainly refers to the partnership audit and litigation procedures' exception for small partnerships which sets the qualifying number of partners for the small partnership exception at 10 or fewer.[2] Petitioner agrees that respondent may decrease the qualifying number but only by formally exercising his discretion, i.e., by issuing regulations to

---

[2]Petitioner notes that he is adopting the Government's now-rejected position that if an exception applies to the small S corporation audit and litigation procedures, the qualifying number must be set at 10. See *Blanco Investments & Land, Ltd. v. Commissioner*, 89 T.C. 1169, 1174 (1987). Respondent made the argument in *Blanco* as a reductio ad absurdum argument. We rejected it and here reaffirm our prior rationale for doing so.

modify the number. In the absence of any administrative action, petitioner argues, the statute sets the number at 10. There is superficial appeal to petitioner's argument, but we do not believe the statute is as plainly written as he suggests.

As we discussed in *Blanco,* the partnership audit and litigation provisions were, in general, grafted onto the subchapter S audit and litigation provisions. Nevertheless, there are considerable differences between partnerships and subchapter S corporations, not the least of which is the number of permissible equity owners. If S corporations having 10 or fewer shareholders were excepted from the procedural rules, 90 percent of all S corporations would be excepted. We will not impute to Congress an intent to achieve this remarkable effect without supporting legislative history.

We believe that Congress sought to extend the unified proceeding to more than 10 percent of all S corporations and left the determination of the actual percentage of S corporations to which the procedural rules would apply to the best judgment of respondent. The chief purpose of a unified proceeding is to ensure consistent results for all S corporation shareholders and for the Government. So long as an S corporation has more than one shareholder, a unified proceeding would appear to have merit.

In *Blanco,* we stated that the absence of administrative action did not nullify the statute. 89 T.C. at 1176. We also believe that the lack of regulations prior to 1987 does not leave a vacuum that we must fill. A principled decision can be made that a unified proceeding has merit on the rationale that applying the S corporation audit and litigation procedures in those cases involving more than one shareholder advances and achieves the statute's purpose of consistent tax treatment for shareholders and the Government. If the statute's purpose is advanced and achieved, no small S corporation exception under the situation herein is required. Petitioner certainly has not suggested that a unified proceeding in this case would be futile or useless. Absent such a showing we cannot conclude that respondent abused his discretion in refusing to except Owners from the

application of the S corporation audit and litigation procedures.

*Petitioner's motion to dismiss for lack of jurisdiction will be denied.*