Charles D. **MILLER, a Notice Shareholder Other Than Tax Matters Person, in Multitex Corporation of America, Petitioner,**

v.

**UNITED STATES of America, Defendant.**

**CIV. A. No. 4:88–cv–192–HLM.**

United States District Court, N.D. Georgia, Rome Division.

April 10, 1989.

David DeCoursey Aughtry, Chamberlain Hrdlicka White, Johnson & Williams, Atlanta, Ga., for Charles D. Miller, a Notice Shareholder, other than tax matters person, in Multitex Corporation of America.

Sharon Douglas Stokes, Office of U.S. Atty., Atlanta, Ga., Curtis L. Bowman, U.S. Dept. of Justice, Tax Div., Washington, D.C., for United States.

## ORDER

HAROLD L. MURPHY, District Judge.

Charles D. Miller is a shareholder of Multitex Corporation of America (Multitex). Multitex is an "S corporation" and, for the years 1983, 1984 and 1985, Multitex reported its operations for income tax purposes by passing its tax consequences through to its three shareholders and paying taxes at the shareholder level.

In 1988, the Tax Commissioner mailed a Notice of Final S Corporation Administrative Adjustment (FSAA) to Miller for the years 1983, 1984 and 1985. The Commissioner issued the FSAA because he found that Miller's tax liability as a Multitex shareholder should have been calculated at the corporate level instead of at the shareholder level.

Miller now seeks to recover taxes and penalties paid pursuant to the FSAA. He claims the Commissioner lacked jurisdiction to issue the FSAA because Multitex, as a small S corporation, is exempt from "entity level" tax treatment.

In 1982, Congress enacted laws providing that taxes for partnerships and S corporations would be determined at the partnership and corporate level, respectively. 26 U.S.C. §§ 6221 *et seq.*, §§ 6241 *et seq.* Previously, the tax treatment of partnerships and S corporations was determined at the partner or shareholder level.

Section 6231, however, exempted small partnerships from the new form of taxation. A small partnership is defined as one with ten or fewer partners, provided that each partner's share of "partnership items" is the same as his share of "every other item." 26 U.S.C. § 6231(a)(1)(B)(i). A "partnership item" is "any item required to be taken into account for the partnership's taxable year ... to the extent [that] regulations ... provide that ... such item is more appropriately determined at the partnership level than at the partner level." 26 U.S.C. § 6231(a)(3).

The statutes do not contain a similar explicit provision exempting small S corporations from corporate level tax treatment.[1] Section 6244, however, provides that the provisions that "relate to partnership items" apply to subchapter S items "except to the extent modified or made inapplicable in regulations."[2]

---

1. The Commissioner has promulgated a regulation exempting S corporations with 5 or fewer shareholders from corporate level tax treatment for taxable years ending after January 30, 1987. 26 C.F.R. § 301.6241–1T(c)(2). The regulation does not apply to the instant case because the years in question are 1983, 1984 and 1985.

2. In its entirety, 26 U.S.C. § 6244 reads as follows:

The provisions of—
(1) subchapter C which relate to
(A) assessing deficiencies, and filing claims for credit or refund, with respect to partnership items, and

The ambiguity in the instant case lies, in part, in the fact that Multitex is a corporation and not a partnership, and the statutes quoted above define a small partnership but not a small S corporation. Miller contends that § 6244 makes the small partnership exemption applicable to S corporations. He asserts that § 6231 defines small "entities" and, under that definition, Multitex is a small entity, and therefore exempt from taxation at the corporate level. Section 6231, however, does not define entities—it defines small partnerships. The question presented by the instant facts is, therefore, whether § 6231 "relates to partnership items," as that phrase is used in § 6244. If so, then small S corporations are exempt from taxation at the corporate level, and the FSAA issued to Multitex is invalid.

The government urges the Court to follow the reasoning of two recent Tax Court decisions: *Blanco Investments & Land, Ltd. v. Commissioner,* 89 T.C. 1169 (1987), and *111 West 16 Street Owners, Inc. v. Commissioner,* 90 T.C. 1243 (1988). In *Blanco,* the Tax Court determined that the exemption of small partnerships related to partnership items. The Court reasoned as follows:

> Eligibility for small partnership status turns, in part, on how the partners share partnership items. Section 6231(a)(1)(B)(i)(II) expressly provides that a necessary element of small partnership status is that each partner share in partnership items in the same proportion as that partner shares in all other items. Further, the existence of partnership items depends on the existence of a partnership. If a partnership meets the requirements for the small partnership exception of section 6231(a)(1)(B), it is not considered to be a partnership for purposes of the partnership litigation procedures. In that event, no partnership items exist. The connection, therefore, between the small partnership exception and partnership items is direct and substantial. In

> (B) judicial determination of partnership items, and
> (2) so much of the other provisions of this subtitle as relate to partnership items,

these circumstances, to hold ... that the small partnership exception does not "relate" to partnership items would require a strained reading of section 6244(2).

89 T.C. at 1174. The Court concluded that, by engrafting the partnership provisions onto the subchapter S provisions, the statute creates an exemption for small S corporations from taxation at the corporate level.

The *Blanco* Court found, however, that Congress could not have intended small S corporations to be defined in the same manner as small partnerships, because 90% of S corporations have 10 or fewer shareholders and would therefore be exempt from corporate level tax treatment. The Court stated that the task of defining the parameters of the small subchapter S corporation was committed to the Commissioner's discretion. The Court found the S corporation in *Blanco* to be exempt because it had only one shareholder and would therefore be a small S corporation under any definition.

The Tax Court revisited the issue in *111 West 16 Street,* where the S corporation had three shareholders. Relying on *Blanco,* the Tax Court concluded that the Commissioner properly exercised his discretion to determine the shareholder's tax at the corporate level because a unified proceeding in that case was not shown to be "futile or useless."

The Court respectfully disagrees with the Tax Court's conclusion that the small partnership exemption is incorporated into the subchapter S provisions. Section 6244 makes applicable to subchapter S "items" only those provisions that "relate to partnership items." The small partnership provision defines the class of partnerships that are exempt from taxation at the partnership level. The provision turns in part on how the partners share partnership items, but the provision itself is applicable only *after* the partnership items have been identified. The Court therefore concludes that the definition of a small partnership does

> are (except to the extent modified or made inapplicable in regulations) hereby extended to and made applicable to subchapter S items.

not "relate to partnership items" in a manner that would make the provision "applicable to subchapter S items" under § 6244.

The Court's construction of the statutes is supported by the legislative history. In recommending the passage of § 6244, the Finance Committee explained that

> [t]he audit provisions [of subchapter S corporations] are to generally follow the new audit provisions made applicable to partnerships by the Tax Equity and Fiscal Responsibility Act of 1982. Thus, for example, rules relating to restrictions on assessing deficiencies, periods of limitations, and judicial review will follow the corresponding partnerships rules. However, those rules may be modified by Treasury regulations where appropriate to take into account of the differences (whether or not tax related) between a corporation and a partnership. For example, the selection of a person to act on behalf of the corporation in the way the tax matters partner acts on behalf of a partnership must take into account that a corporation has no person to correspond to a general partner, as such (since the corporate shareholders are not liable for the corporation's debts, as is a general partner). As with partnerships, the regulations may treat certain corporate items as other than corporate items, for purposes of these audit rules, where special enforcement problems arise.

S.Rep. No. 97–640, 97th Cong., 2d Sess. 3 *reprinted in* 1982 U.S.Code Cong. & Admin.News 3253, 3276–77.

The legislative intent behind § 6244, therefore, was that the *procedures* for determining the taxation for partnerships would be incorporated into the procedures for determining the taxation for S corporations. The Court finds no evidence of an intent to incorporate the definition of the class of exempt partnerships into a definition of a class of exempt S corporations. The Court will not infer such an exemption in the absence of a statute, regulation, or Congressional intent creating such an exemption.

The Court concludes that the definition of small partnerships under § 6231 does not "relate to partnership items" within the meaning of § 6244. The statutory schemes, therefore, do not create an exemption for small S corporations.

As stated *supra* note 1, the Commissioner has promulgated a regulation under which small S corporations are exempt from tax treatment at the corporate level for tax years following January 30, 1987. In the absence of such a regulation covering tax years prior to that date, no small S corporation exemption exists for those prior years. The FSAA for Multitex for the years 1983, 1984 and 1985, calculating Miller's tax liability at the corporate level, was therefore issued properly. The Court will grant the government's motion for partial summary judgment and deny Plaintiff's cross-motion for summary judgment.

The government moves for an extension of discovery in the event that its motion is granted. It represents that it will need four months from the date of the ruling to complete discovery. Miller has not responded to the motion.

Although the requested four month extension seems excessive, the Court will grant the request given the absence of any opposition from Miller. If discovery is completed prior to that time, the parties shall so inform the Court.

ACCORDINGLY, the motion by the United States of America for partial summary judgment is GRANTED; the cross-motion by Miller for summary judgment is DENIED; the government's motion to extend discovery is GRANTED. The discovery period shall close four months from the date of this order.

IT IS SO ORDERED.