EASTERN STATES CASUALTY AGENCY, INC., WILMA SMITH, TAX MATTERS PERSON, PETITIONER v. COMMISSIONER OF INTERNAL REVUNUE, RESPONDENT

Docket No. 3497-90.     Filed June 4, 1991.

*David M. Kuchinos,* for the petitioner.
*Keith C. Troxell,* for the respondent.

OPINION

NIMS, *Chief Judge:* This case is before the Court on petitioner's motion to dismiss for lack of jurisdiction. The issue for decision is whether an S corporation with four shareholders is excepted from the unified audit and litigation procedures contained in section 6241 et seq. (Unless otherwise indicated, section references are to the Internal Revenue Code as in effect for the year in issue.)

*Background*

In a notice of final S corporation administrative adjustment (FSAA) issued on December 20, 1989, respondent

determined adjustments to the S corporation return filed by Eastern States Casualty Agency, Inc. (Eastern States), for the taxable year ending December 31, 1984. On February 26, 1990, petitioner, Wilma Smith, filed a timely petition for readjustment in her capacity as the tax matters person of Eastern States.

At the time of the filing of the petition herein, Eastern States had its principal place of business in Cherry Hill, New Jersey.

On April 23, 1990, respondent filed his answer to the petition.

On January 31, 1991, petitioner filed a motion to dismiss for lack of jurisdiction on the ground that the FSAA issued to Eastern States was invalid. On March 13, 1991, petitioner filed a memorandum in support of petitioner's motion to dismiss for lack of jurisdiction. Petitioner argues that sections 6244 and 6231(a)(1)(B) except Eastern States from the unified audit and litigation procedures contained in section 6241 et seq. because Eastern States had 10 or fewer shareholders during the year in issue. Petitioner finds support for her position in *Arenjay Corp. v. Commissioner,* 920 F.2d 269 (5th Cir. 1991), revg. and remanding an unreported order of this Court.

Respondent objects to petitioner's motion to dismiss and argues that the Court should continue to follow its decision in *Blanco Investments & Land, Ltd. v. Commissioner,* 89 T.C. 1169 (1987).

Because venue for an appeal of the instant case would lie with the U.S. Court of Appeals for the Third Circuit, *Arenjay Corp. v. Commissioner, supra,* is not controlling herein, and we respectfully decline to follow it for reasons hereinafter stated. See *Golsen v. Commissioner,* 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). Nonetheless, the significance of the issue to the Court's jurisdiction compels us to reconsider our prior decisions at this time.

## Discussion

The issue to be decided is whether the unified subchapter S audit and litigation procedures contained in section 6241 et seq. apply to Eastern States, an S corporation with four shareholders. If we conclude that the unified procedures do

not apply, then the FSAA issued to Eastern States is invalid and we must dismiss this case for lack of jurisdiction.

Subchapter D of chapter 63 of subtitle F was codified by section 4(a) of the Subchapter S Revision Act of 1982, Pub. L. 97-354, 96 Stat. 1691-1692, and provides for the unified tax treatment of subchapter S items. Section 6241 provides that the tax treatment of subchapter S items generally will be determined in a unified manner at the corporate level as opposed to the shareholder level, except as otherwise provided by regulations.

The Secretary issued temporary regulations on January 27, 1987, providing that where an S corporation consists of five or fewer shareholders, the tax treatment shall not be determined at the corporate level. The temporary regulations, however, are applicable only to the taxable year of an S corporation, the due date of the return of which is on or after January 30, 1987. Sec. 301.6241-1T(c)(2)(i), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 27, 1987). Here, we deal with adjustments for the taxable year ended June 30, 1984. By its terms, the temporary regulation is inapplicable to this case.

Pursuant to section 6244, many of the procedures for determining subchapter S items are borrowed from the unified partnership audit and litigation provisions contained in section 6221 et seq. The unified partnership procedures (subchapter C of chapter 63) were added to the Code by section 402 of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 648.

Section 6244 provides:

> The provisions of—
> (1) subchapter C which relate to—
> (A) assessing deficiencies, and filing claims for credit or refund, with respect to partnership items, and
> (B) judicial determination of partnership items, and
> (2) so much of the other provisions of this subtitle as relate to partnership items,
>
> are (except to the extent modified or made inapplicable in regulations) hereby extended to and made applicable to subchapter S items.

Thus, the partnership provisions relating to assessing deficiencies, filing claims for credit or refund, and judicial determinations, as well as other provisions relating to

partnership items, generally are made applicable to subchapter S items.

Section 6231(a)(1)(B) provides that partnerships with 10 or fewer partners are excepted from the unified partnership audit and litigation procedures contained in section 6221 et seq. The tax treatment of such "small" partnerships is determined at the partner level.

Petitioner argues that the small partnership exception contained in section 6231(a)(1)(B) is grafted onto the unified subchapter S procedures by section 6244 so that S corporations with 10 or fewer shareholders are excepted from the unified procedures. Because Eastern States had but four shareholders during 1984, petitioner argues that the FSAA issued in this case is invalid.

Respondent contends that we should continue to follow our decision in *Blanco Investments & Land, Ltd. v. Commissioner, supra.* In *Blanco,* we stated:

> Section 6244 incorporates generically four categories of partnership audit and litigation provisions into the S corporation audit and litigation procedures: those relating to (1) assessments of deficiencies, (2) filing claims for credit or refund, (3) judicial determinations of partnership items, and (4) partnership items. Section 6231(a)(1)(B) [defining a partnership for TEFRA purposes] does not relate to an assessment, refund claim, or judicial determination and, therefore, is not made applicable to S corporation audits by section 6244(1). Consequently, the small partnership exception applies to S corporation litigation only if it "relate[s] to partnership items" within the meaning of section 6244(2). [*Blanco Investments & Land, Ltd. v. Commissioner, supra* at 1173. Fn. ref. omitted.]

We accordingly refused to accept the taxpayer's contention that the 10-person partnership exception was incorporated by section 6244(1) into the subchapter S corporation procedures. We went on, however, to hold that there was an exception applicable to S corporation audit and litigation procedures if it related to "partnership items" within the meaning of section 6244(2). As we noted in *Blanco:*

> We believe that the small partnership exception does, by definition, "relate" to partnership items. Eligibility for small partnership status turns, in part, on how the partners share partnership items. Section 6231(a)(1)(B)(i)(II) expressly provides that a necessary element of small partnership status is that each partner share in partnership items in the same proportion as that partner shares in all other items. Further, the

existence of partnership items depends on the existence of a partnership. If a partnership meets the requirements for the small partnership exception of section 6231(a)(1)(B), it is not considered to be a partnership for purposes of the partnership litigation procedures. In that event, no partnership items exist. The connection, therefore, between the small partnership exception and partnership items is direct and substantial. * * * [*Blanco Investments & Land, Ltd. v. Commissioner, supra* at 1174.]

We followed our holding in *Blanco* in *111 West 16 St. Owners, Inc. v. Commissioner,* 90 T.C. 1243 (1988). Specifically, we rejected the taxpayer's argument that an S corporation having 10 or fewer shareholders during 1983 was excepted from the unified subchapter S procedures as a small S corporation. Again, we concluded that in the absence of effective regulations on the point, we would not extend the small S corporation exception beyond S corporations with one shareholder. 90 T.C. at 1247. Because the S corporation in *111 West* had three shareholders, we held that the FSAA issued in that case was valid and denied the taxpayer's motion to dismiss. 90 T.C. at 1248. Our rationale in deciding *Blanco* and *111 West* was subsequently rejected by the U.S. District Court for the Northern District of Georgia in *Miller v. United States,* 710 F. Supp. 1377 (N.D. Ga. 1989). The District Court disagreed with our holding in *Blanco* that the exception for small partnerships related to partnership items as contemplated in section 6244(2). The District Court stated:

Section 6244 makes applicable to subchapter S "items" only those provisions that "relate to partnership items." The small partnership provision defines the class of partnerships that are exempt from taxation at the partnership level. The provision turns in part on how the partners share partnership items, but the provision itself is applicable only *after* the partnership items have been identified. The Court therefore concludes that the definition of a small partnership does not "relate to partnership items" in a manner that would make the provision "applicable to subchapter S items" under §6244. [*Miller v. United States, supra* at 1379-1380.]

Further, the District Court examined the legislative history of the Subchapter S Revision Act of 1982 and found no evidence of congressional intent to incorporate the definition of the class of exempt partnerships into a definition of a class of exempt S corporations. *Miller v.*

*United States, supra* at 1380. On these grounds, the District Court held that the FSAA relating to taxable years 1983 through 1985 and issued with respect to an S corporation with three shareholders was valid.

We have reconsidered the "partnership item" aspect of our holding in *Blanco,* and upon reconsideration, believe we were incorrect in our view that the 10-person exception has any relation to "partnership items." Rather, that term relates to the provisions of section 6231(a)(3) which define partnership items. That subsection provides:

(3) PARTNERSHIP ITEM.—The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level.

In our view, the definition of what relates to a partnership item refers to items of income, deductions, and credits of partnerships, rather than to what constitutes a partnership for TEFRA purposes. In the conference committee report, it is stated: "the tax treatment of items of partnership income, loss, deductions, and credits will be determined at the partnership level in a unified partnership proceeding rather than in separate proceedings with the partners." H. Rept. 97-760 (Conf.) (1982), 1982-2 C.B. 662. Thus, it is clear that Congress, by utilizing the term "partnership items," intended it to mean items of income, loss, deductions, and credits. We do not believe that Congress intended it to incorporate the 10-person exception for small partnerships within the ambit of that term.

More recently, our decisions in *Blanco* and *111 West* were criticized in *Arenjay Corp. v. Commissioner,* 920 F.2d 269 (5th Cir. 1991), revg. and remanding an unreported order of this Court, although on different grounds than those articulated by the District Court in *Miller.* In *Arenjay,* the taxpayer had argued in this Court that an S corporation with four shareholders was excepted from the unified subchapter S procedures and that therefore its case should be dismissed. Relying on *Blanco* and *111 West,* we denied the taxpayer's motion to dismiss in an unpublished order.

In analyzing the issue, the appellate court disagreed with our prior decisions to the extent that we had limited the small S corporation exception to S corporations with one shareholder. The appellate court concluded that the clear statutory directive mandated an application of the small S corporation exception to S corporations with 10 or fewer shareholders so as to mirror the small partnership exception. *Arenjay Corp. v. Commissioner, supra* at 271. As a consequence, the appellate court reversed and remanded our order.

We first note that the general definition of a partnership under TEFRA is contained in section 6231(a)(1)(A), which provides:

(A) IN GENERAL.—Except as provided in subparagraph (B), the term "partnership" means any partnership required to file a return under section 6031(a).

As previously discussed, section 6231(a)(1)(B) sets forth an exception for small partnerships with 10 or fewer partners.

In contrast, the definition of an S corporation is contained in section 1361(a). This definition was amended, contemporaneously with the enactment of the unified subchapter S procedures, so as to increase the maximum permissible number of shareholders of an S corporation from 25 to 35. See sec. 2 of the Subchapter S Revision Act of 1982, Pub. L. 97-354, 96 Stat. 1669. Despite this change, neither section 1361 nor section 6244 contains an express exception for a "small" subchapter S corporation. Moreover, as we recognized in *Blanco Investments & Land, Ltd. v. Commissioner,* 89 T.C. at 1174, "No specific expression of congressional approval or disapproval of a small subchapter S exception can be found."

Petitioner asserts that, contrary to our statement in *Blanco,* the legislative history of the Subchapter S Revision Act of 1982 supports her contention that Congress intended for the small partnership exception to be directly grafted onto the unified subchapter S procedures. Specifically, petitioner cites S. Rept. 97-640, 1982-2 C.B. 718, 729, which states:

The audit provisions are to generally follow the new audit provisions made applicable to partnerships by the Tax Equity and Fiscal Responsibility Act of 1982. Thus, for example, rules relating to restrictions on assessing deficiencies, periods of limitations, and judicial review will follow the corresponding partnership rules. However, those rules may be modified by Treasury regulations where appropriate to take account of the differences (whether or not tax related) between a corporation and a partnership. * * *

We do not agree with petitioner that the preceding statement supports her interpretation of section 6244.

We note that petitioner quotes only a portion of the language of the Senate report which is material to the issue at hand. The relevant language of the Senate report which petitioner disregards states:

Explanation of Provision (secs. 6241-6245)

*Under the bill, the tax treatment of items of subchapter S income, loss, deductions, and credits generally will be determined at the corporate level in a unified proceeding rather than in separate proceedings with shareholders.* Shareholders will be given notice of any administrative or judicial proceeding at which such items will be determined. Further, each shareholder will be given the opportunity to participate in these proceedings. * * * [S. Rept. 97-640, 1982-2 C.B. at 729. Emphasis added.]

Petitioner's reliance on the limited language quoted in her memorandum is misplaced. In particular, by disregarding the language immediately quoted above, petitioner avoids consideration of the import of section 6241 which provides:

*Except as otherwise provided in regulations prescribed by the Secretary,* the tax treatment of any subchapter S item shall be determined at the corporate level. [Emphasis added.]

As we understand the plain language of section 6241, Congress vested the Secretary with the absolute discretion to issue regulations excepting S corporations from the unified procedures.

We contrast the language of section 6241 with section 6221 of the unified partnership procedures which provides:

*Except as otherwise provided in this subchapter,* the tax treatment of any partnership item shall be determined at the partnership level. [Emphasis added.]

A plain reading of this provision reveals that the Secretary has no discretion to except partnerships from the unified

procedures. Rather, Congress itself provided the exception for small partnerships as described in section 6231(a)(1)(B). (Compare sections 6231(a)(3) and 6245, which vest the Secretary with discretion to prescribe which items are more appropriately determined at the partnership or S corporation level as opposed to the partner or shareholder level.)

Having established that section 6241 provides the Secretary with discretion to except S corporations from the unified procedures, we necessarily must question whether Congress intended to limit or revoke that discretion by grafting section 6231(a)(1)(B) onto the unified subchapter S procedures by means of section 6244. To the contrary, as the District Court concluded in *Miller v. United States*, 710 F. Supp. at 1380, section 6244 is reasonably read to provide for a limited application of partnership procedural provisions in the context of the unified subchapter S procedures. See *Gold-N-Travel, Inc. v. Commissioner*, 93 T.C. 618 (1989) (partnership rules regarding designation of a tax matters person are applicable under the unified subchapter S procedures).

Viewing the unified subchapter S procedures as a whole, section 6241, rather than section 6244, provides the most direct and explicit authority for the Secretary to prescribe, within his discretion, a small S corporation exception. By its express terms, section 6241 requires that subchapter S items be determined under the unified procedures unless the Secretary directs otherwise. Furthermore, we note that the Secretary cited section 6241 as authority for section 301.6241-1T(c)(2)(ii), Temporary Proced. & Admin. Regs., *supra*, which prescribes an exception effective on or after January 30, 1987, for S corporations with five or fewer shareholders, see T.D. 8122, 1987-1 C.B. 342, and was silent as to section 6244 as authority for the temporary regulation.

Our broad application of section 6244 in *Blanco*, as well as that of the Fifth Circuit in *Arenjay*, serves to render section 6241 meaningless. This is particularly so when section 6241 is read in conjunction with section 6245 (subchapter S item defined). Further, the respective decisions excepting S corporations with 1 and 10 shareholders from the unified procedures defeat the Secretary's decision

to decline to extend any exception to S corporations retroactively from January 30, 1987.

As a consequence of the foregoing, we are now convinced that we were incorrect in concluding in *Blanco* that section 6244(2) was intended to graft onto the unified subchapter S procedures the definition of a small partnership as provided in section 6231(a)(1)(B). We find no support for our presumption in that case that Congress intended to directly incorporate a small S corporation exception in the unified subchapter S procedures through section 6244(2).

We note that in *Blanco,* a one-shareholder subchapter S corporation, we went on to state an additional reason for our holding:

it is clear that interpreting the S corporation litigation procedures to apply to an S corporation with one shareholder would lead to a result contrary to the intent of the statute. The procedures were intended to conserve time and resources by disposing of all issues relating to an S corporation in a single proceeding. There is no need for a separate entity level proceeding for an S corporation with only one shareholder. It is impossible to have conflicting shareholder positions with a single shareholder. The judicial and administrative problems that prompted Congress to enact the entity level audit and litigation procedures do not exist in the case of the single shareholder. Moreover, applying the entity level procedures to a single shareholder S corporation creates additional litigation rather than conserving time and resources. [*Blanco Investments & Land, Ltd. v. Commissioner, supra* at 1176.]

The Fifth Circuit in *Arenjay* questioned this "practical" approach, and upon reconsideration, we also determine that we will not follow this holding in *Blanco.* There are no exceptions written into the statutory language for subchapter S corporations based upon the number of shareholders. Congress has chosen to leave the question of exceptions to the discretion of the Secretary.

Thus, we will no longer follow *Blanco* and *111 West.* Rather, we conclude that there was no small S corporation exception to the unified S corporation procedures prior to January 30, 1987, the effective date of section 301.6241-1T(c), Temporary Proced. & Admin. Regs. Furthermore, for the reasons stated, we respectfully decline to follow the Fifth Circuit's decision in *Arenjay Corp. v. Commissioner, supra.*

Accordingly, we hold that respondent properly issued an FSAA to Eastern States. Petitioner's motion to dismiss for lack of jurisdiction will be denied.

*An appropriate order will be issued.*

Reviewed by the Court.

CHABOT, PARKER, SHIELDS, SWIFT, JACOBS, GERBER, WRIGHT, WELLS, and HALPERN, *JJ.,* agree with the majority.

HAMBLEN, CLAPP, PARR, and BEGHE, *JJ.,* concur in the result only.

RUWE, *J.,* did not participate in the consideration of this opinion.

WHALEN, *J.,* dissenting: In this case, the majority decides that the exception for small partnerships, set forth in section 6231(a)(1)(B), is not required by section 6244 to be "extended to and made applicable to subchapter S items" for purposes of the unified S corporation audit and litigation procedures in subchapter D, chapter 63, subtitle F of the Internal Revenue Code, sections 6241-6245 (subchapter D). The majority's decision hinges on its view that the small partnership exception has no relation to the term "partnership items" as used in subchapter C, chapter 63, subtitle F of the Internal Revenue Code, sections 6221-6233 (subchapter C).

Unlike the majority, I believe that the exception for small partnerships has a direct and substantial relationship to the existence of "partnership items" for purposes of subchapter C, and that the majority misconstrues clear statutory provisions in concluding otherwise. Moreover, by misconstruing the term "partnership item," the single most important term used in subchapter C, the majority opinion not only arrives at the wrong result in this case but it also creates confusion for the application of subchapter C in the future. In fact, neither party to this case advanced the position adopted by the majority, and respondent expressly urged the Court not to adopt it when he argued as follows:

In the alternative, if this Court were to reject its prior position, respondent would urge the Court to follow the decision in *Arenjay [Corp. v. Commissioner,* 920 F.2d 269 (5th Cir. 1991)]. While respondent disagrees with the Fifth Circuit's determination that the statutory scheme is unambiguous, the respondent agrees with this Court's determination in *Blanco [Investments & Land, Ltd. v. Commissioner,* 89 T.C. 1169 (1987),] that some exception does exist in the period prior to the issuance of regulations by Commissioner that explicitly addresses the small S corporation exception. Therefore, respondent disagrees with the approach taken by the United States District Court in *Miller v. United States,* 710 F. Supp. 1377 (N.D. Ga 1989).

Initially, this issue arose because Congress took a short-cut in enacting the uniform procedures for subchapter S items. See Subchapter S Revision Act of 1982, Pub. L. 97-354, 96 Stat. 1691-1692. Congress did not set forth in subchapter D all of the detailed provisions to be applied in the case of "subchapter S items," as it had done in the case of "partnership items" in subchapter C. Rather, it created only a general framework for such procedures and in section 6244 it provided that certain provisions which "relate to" partnership items should be "extended to and made applicable to subchapter S items." One category of provisions which Congress incorporated into the unified procedures for subchapter S items is described by section 6244(2) as "so much of the other provisions of this subtitle (i.e., subtitle F) as relate to partnership items."

The majority's view that the small partnership exception has no relation to the term "partnership items" requires an examination of the nature of that term, as defined by section 6231, and its role in subchapter C. That subchapter was added to the Code by section 402 of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 648. It comprises one of the two sets of procedures which alternatively govern the audit and litigation of a partnership's items of income, gain, loss, deduction, and credit. *Maxwell v. Commissioner,* 87 T.C. 783, 787 (1986). Subchapter C is applicable to the administrative adjustment and judicial readjustment of *partnership items.* Under the rules provided therein, adjustments are determined at the partnership level in a unified partnership proceeding, rather than in separate proceedings with the partners. H. Rept. 97-760, at 600 (1982), 1982-2 C.B. 662.

The second set of procedures is applicable to the determination and the redetermination of *deficiencies*. See subchapter B, chapter 63, subtitle F of the Internal Revenue Code, secs. 6211-6216. These are the rules which are generally applicable to taxpayers and, when applied in the context of a deficiency involving an item from a partnership, they require audit and litigation to take place at the partner level.

At the center of this dual system of procedures is the term "partnership item." It is used in subchapter C and elsewhere in subtitle F to distinguish between items of a partnership which are subject to the unified partnership procedures and items which are not, i.e., "nonpartnership items." Compare pars. (3) and (4) of sec. 6231(a); *Saso v. Commissioner*, 93 T.C. 730, 734-735 (1989); *N.C.F. Energy Partners v. Commissioner*, 89 T.C. 741, 746 (1987); *Maxwell v. Commissioner*, *supra* at 787. If an item of income, gain, loss, deduction, or credit does not constitute a "partnership item" as defined by section 6231(a)(3), then the special procedural rules set forth in subchapter C do not become operative and the item is subject to the deficiency procedures. See secs. 6501(o)(2), 6504(12), 6511(g), 6512(a)(4), 6515(6), 7422(h), 7485(b).

For this purpose, "partnership item" is defined by section 6231(a)(3) as follows:

The term "partnership item" means, with respect to a *partnership*, any item required to be taken into account for the *partnership's* taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the *partnership* level than at the partner level. [Emphasis supplied.]

It is evident that the term "partnership" forms an integral part of the above definition of "partnership item." Section 6231(a)(1) defines the term "partnership" as follows:

(1) PARTNERSHIP.—

(A) IN GENERAL.—Except as provided in subparagraph (B), the term "partnership" means any partnership required to file a return under 6031(a).

(B) EXCEPTION FOR SMALL PARTNERSHIPS.—

(i) IN GENERAL.—The term "partnership" shall not include any partnership if—

(I) such partnership has 10 or fewer partners each of whom is a natural person (other than a nonresident alien) or an estate, and

(II) each partner's share of each partnership item is the same as his share of every other item.

For purposes of the preceding sentence, a husband and wife (and their estates) shall be treated as 1 partner.

(ii) ELECTION TO HAVE SUBCHAPTER APPLY.—A partnership (within the meaning of subparagraph (A)) may for any taxable year elect to have clause (i) not apply. Such election shall apply for such taxable year and all subsequent taxable years unless revoked with the consent of the Secretary.

Thus, the term "partnership item" contained in paragraph 3 of section 6231(a) incorporates the definition of the term "partnership" contained in paragraph 1 of the same subsection, including the small partnership exception which is an integral part of that definition.

Therefore, the term "partnership item," as used in subchapter C and elsewhere in subtitle F, does not refer to every item of income, gain, loss, deduction, or credit realized by all partnerships. It refers only to those items realized by "partnerships" defined by section 6231(a)(1), that is, partnerships required to file returns under section 6031(a), which are not "small partnerships." For this purpose, as quoted above, a small partnership is one with 10 or fewer partners, all of whom are natural persons (other than nonresident aliens) or estates and all of whom share items equally.

Accordingly, for purposes of subchapter C, no item realized by a "small partnership" can be a "partnership item," as defined by section 6231(a)(3), unless the partnership elects or has elected to have the exception for small partnerships "not apply." Sec. 6231(a)(1)(B)(i). Assuming that no such election was made, "items" realized by a small partnership are "nonpartnership items" within the meaning of section 6231(a)(4) and are subject to the procedures for the determination and redetermination of deficiencies. They are not subject to the special procedures set forth in subchapter C, for the administrative adjustment and judicial readjustment at the partnership level. See *Z-Tron Computer Research & Development Program v. Commissioner*, 91 T.C. 258 (1988); *Harrell v. Commissioner*, 91 T.C. 242 (1988); *Christian v. Commissioner*, T.C. Memo.

1990-229. In summary, items of a "small partnership" are not subject to the unified audit and litigation procedures of subchapter C because they are not items of a "partnership" and, therefore, are not "partnership items," as defined by section 6231(a)(3).

In the first case which we encountered on this subject, *Blanco Investments & Land, Ltd. v. Commissioner,* 89 T.C. 1169 (1987), the Commissioner argued that there was no exception for small S corporations until 1987 when temporary regulations were issued providing an exception for S corporations with five or fewer shareholders. Sec. 301.6241-1T(c)(2), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987). We rejected the Commissioner's argument and concluded that the connection between "the small partnership exception and partnership items is direct and substantial." *Blanco Investments & Land, Ltd. v. Commissioner, supra* at 1174. Accordingly, we held that the small partnership exception was grafted onto the subchapter S litigation provisions by section 6244(2) and that "the statute incorporates a small S corporation exception in the subchapter S procedures." *Blanco Investments & Land, Ltd. v. Commissioner, supra* at 1174. Because *Blanco* had one shareholder, we were only required to decide that the "statutory minimum exception for small S corporations is an S corporation with only one shareholder." *Blanco Investments & Land, Ltd. v. Commissioner, supra* at 1176.

By the time of our second opinion on this subject, *111 West Sixteenth Street Owners, Inc. v. Commissioner,* 90 T.C. 1243 (1988), the Commissioner agreed with our reasoning in *Blanco* and conceded "that the statute mandates an exception for small S corporations." Thus, both parties to that case agreed that section 6244 mandates an exception for small S corporations, and we were not called upon to revisit our analysis on that point. The parties differed only about the extent of the exception. The taxpayer, an S corporation with three shareholders, argued that the exception must apply to every S corporation having 10 or fewer shareholders, until respondent exercised his authority in section 6244 to provide otherwise by regulation. The Commissioner, on the other hand, argued that, while the statute minimally required an exception for a single share-

holder S corporation, the precise number, greater than one, was an administrative matter and should be left to the Commissioner. We agreed with the Commissioner. We later followed that opinion in *Twenty-Three Nineteen Creekside, Inc. v. Commissioner*, T.C. Memo. 1990-649.

In *Arenjay Corp. v. Commissioner*, 920 F.2d 269 (5th Cir. 1991), revg. and remanding an unreported order of this Court, the Fifth Circuit agreed with our analysis in *Blanco* that section 6244 grafted the small partnership exception onto the unified procedures for subchapter S items, but it reversed an unreported order of this Court because it disagreed with us about the extent of the exception. The Fifth Circuit reasoned, in my view correctly, that the exception for small S corporations must include S corporations with 10 or fewer shareholders, the same as the small partnership exception in section 6231. The circuit court noted that the statute gave respondent the authority to modify the exception but that he chose not to do so until 1987.

The only court to disagree with our holding in *Blanco* that section 6244 made the small partnership exception applicable to subchapter S items is a District Court in Georgia. *Miller v. United States*, 710 F. Supp. 1377 (N.D. Ga. 1989). The thrust of the District Court's opinion is contained in the following excerpt:

The [small partnership] provision turns in part on how the partners share partnership items, but the provision itself is applicable only *after* the partnership items have been identified. The Court therefore concludes that the definition of a small partnership does not "relate to partnership items" in a manner that would make the provision "applicable to subchapter S items" under §6244. [*Miller v. United States*, 710 F. Supp. at 1379-1380; emphasis in original.]

It is apparent from the above that the District Court's opinion is based upon the misconception that the small partnership exception is applied only "after" partnership items have been identified. To the contrary, as discussed above, the small partnership exception is an integral part of the definition of "partnership items."

In this case, the majority overrules *Blanco* and *111 West Sixteenth Street Owners* and declares that the Court will not follow the Fifth Circuit's opinion in *Arenjay*. The

majority takes this action based upon its view that the exception for small partnerships has no relation to the term "partnership items" and therefore, is not a provision of subchapter C which is incorporated by reference into subchapter D. According to the majority, by utilizing the term "partnership items" in section 6244, Congress only intended it to mean "items of income, loss, deductions, and credits" and did not intend "to incorporate the 10-person exemption for small partnerships within the ambit of that term." Majority op. at 778. The discussion of this point in the majority opinion bears quoting (majority op. at 778):

> We have reconsidered the "partnership item" aspect of our holding in *Blanco*, and upon reconsideration, believe we were incorrect in our view that the 10-person exception has any relation to "partnership items." Rather, that term relates to the provisions of section 6231(a)(3) which define partnership items. * * *
>
> In our view, the definition of what relates to a partnership item refers to items of income, deductions, and credits of partnerships, rather than to what constitutes a partnership for TEFRA purposes. In the conference committee report, it is stated: "the tax treatment of items of partnership income, loss, deductions, and credits will be determined at the partnership level in a unified partnership proceeding rather than in separate proceedings with the partners." H. Rept. 97-760 (Conf.) (1982), 1982-2 C.B. 662. Thus, it is clear that Congress, by utilizing the term "partnership items," intended it to mean items of income, loss, deductions, and credits. We do not believe that Congress intended it to incorporate the 10-person exception for small partnerships within the ambit of that term.

Thus, the majority opinion concludes that, in enacting subchapter C in TEFRA, Congress did not intend the term "partnership item" to incorporate the small partnership exception within the ambit of that term.

I have several difficulties with the reasoning of the majority opinion. First, if the small partnership exception is not incorporated within the term "partnership item," then there is no small partnership exception, even for purposes of subchapter C. This is because the provisions of subchapter C become operative whenever "partnership items" are at issue. See *N.C.F. Energy Partners v. Commissioner, supra; Maxwell v. Commissioner, supra.* If Congress did not intend "to incorporate the 10-person exception for small partnerships within the ambit of that term," then all items of "small partnerships" are subject to the procedures set forth

in subchapter C, rather than to the deficiency procedures, despite clear statutory provisions to the contrary.

Second, the statement from the TEFRA conference report, quoted by the majority, that the tax treatment of items of partnership income, loss, deductions, and credits will be determined at the partnership level in unified partnership proceedings, does not mean, as the majority suggests, that Congress intended all items to be so determined. Otherwise, all items of every partnership are subject to subchapter C, despite the clear intent of Congress to the contrary. Moreover, both the House and the Senate reports to the Subchapter S Revision Act of 1982, *supra*, state as follows:

> The audit provisions are to generally follow the new audit provisions made applicable to partnerships by the Tax Equity and Fiscal Responsibility Act of 1982. * * * However, *those rules may be modified by Treasury regulations where appropriate to take account of the differences (whether or not tax related) between a corporation and a partnership.* For example, the selection of a person to act on behalf of the corporation in the way the tax matters partner acts on behalf of a partnership must take into account that a corporation has no person to correspond to a general partner * * * the regulations may treat certain corporate items as other than corporate items, for purposes of these audit rules, where special enforcement problems arise. [H. Rept. 97-826 at 24 (1982), 1982-2 C.B. 741; S. Rept. 97-640 at 25 (1982), 1982-2 C.B. 729.]

The above statement suggests that Congress envisioned that the unified procedures for subchapter S items would be the same as those for partnership items, unless the Secretary exercises his authority in section 6244 to "modify" those procedures because of differences between corporations and partnerships. It does not suggest that the procedures would be different unless the Secretary exercises his authority in section 6244 to make them the same.

Third, the term "partnership item" is the single most important term in subchapter C and governs whether the provisions of subchapter C become operative. It is not reasonable to believe that Congress misused that term in section 6244. Therefore, the use of that term in section 6244 without qualification is sufficient proof that Congress intended to graft the small partnership exception onto subchapter D. Otherwise, Congress could have easily stated in section 6244 that the small partnership exception was not to be extended to or made applicable to subchapter S

items or it could have used a term other than "partnership items," such as the phrase it used in section 7519(d)(2)(A), "partnership's items described in section 702(a)."

Fourth, if the majority is correct that Congress intended the words "partnership items" to mean "items of income, loss, deductions, and credits," then Congress not only failed to engraft the small partnership exception onto subchapter D but it also failed to engraft section 6231(b), relating to certain events which cause items to cease to be partnership items, onto subchapter D. Thus, until 1987 when respondent promulgated regulations, there were no events which could cause an item to cease to be a subchapter S item.

The majority opinion attempts to support its view that the small partnership exception was not grafted onto subchapter D by finding, in section 6241, congressional intent to vest the Secretary with "absolute discretion to issue regulations excepting S corporations from the unified procedures." Majority op. at 780-781. The majority then questions "whether Congress intended to limit or revoke that discretion by grafting section 6231(a)(1)(B) onto the unified subchapter S procedures by means of section 6244." Majority op. at 780-781. In the majority's view, section 6241 would be rendered "meaningless" if the Court were to find a small S corporation exception.

The reasoning of the majority is flawed. Section 6241 states as follows: "Except as otherwise provided in regulations prescribed by the Secretary, the tax treatment of any *subchapter S item* shall be determined at the corporate level." (Emphasis supplied.) Assuming that Congress intended to graft the small partnership exception onto subchapter D, then it would do so through the term "subchapter S item," as was done in subchapter C through the term "partnership item." Therefore, the fact that section 6241 requires "the tax treatment of any subchapter S item" to be determined at the corporate level does not answer the question whether the term "subchapter S items" includes items of small S corporations. For this reason, I submit that the majority's analysis begs the question whether section 6244 grafted the small partnership exception onto subchapter D.

For the foregoing reasons, I submit that the small partnership exception set forth in section 6231(a)(1)(B) was extended to and made applicable to subchapter S items for purposes of the unified S corporation audit and litigation procedures in subchapter D, and that the majority is wrong in holding otherwise. I further submit that the Fifth Circuit's opinion in *Arenjay Corp. v. Commissioner, supra,* is correct in holding that the exception for small S corporations applied to S corporations with 10 or fewer shareholders until respondent "modified" the exception in the 1987 regulations. Accordingly, I respectfully dissent.