THEODORE D. CICHY, DECEASED, AND GLORIA A. CICHY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cichy v. Commissioner
Docket No. 9176-89
United States Tax Court
T.C. Memo 1991-270; 1991 Tax Ct. Memo LEXIS 313; 61 T.C.M. (CCH) 2913; T.C.M. (RIA) 91270; June 12, 1991, Filed *313 Karen Kobialka, for the petitioners. Jonathan P. Decator, for the respondent. HALPERN, Judge. *
HALPERN
MEMORANDUM OPINION Respondent determined deficiencies in petitioners' income taxes for calendar years 1980, 1981, and 1983. The deficiencies were limited to additions to tax. Respondent also determined that the rate of interest prescribed by section 6621(c)(1) [1] (formerly section 6621(d)(1)) would apply for 1981 and 1983. The parties have agreed that the only issue to be decided by us is whether the 1983 income tax return of Energy Conservation Systems III, Inc. (the Corporation), an S corporation with eight shareholders, was examined properly under the provisions of Subchapter D, Chapter 63, Subtitle F of the Internal Revenue Code of 1954 (tax treatment of subchapter S items). If we answer that question in the affirmative, then the parties have stipulated that the statute of limitations does not bar the assessment and collection of the adjustments set forth in the notices of deficiency that form the basis of this case. We here restrict ourselves *314 to answering the question posed by the parties. The parties have submitted this case fully stipulated, and the facts so stipulated are found accordingly. By this reference, the stipulation of facts and the attached exhibits are incorporated into this opinion. At the time the petition in this case was filed, petitioner Gloria A. Cichy resided in Addison, Illinois, and petitioner Theodore D. Cichy was deceased. During 1983, petitioner Gloria A. Cichy was one of eight shareholders of the Corporation, an Illinois corporation that properly elected to be treated as an "S" corporation for Federal tax purposes. On October 18, 1984, the Corporation filed its Federal income tax return (Form 1120S) for 1983. Respondent examined that return under the unified audit and litigation procedures. On October 1, 1987, *315 a notice of final S corporation administrative adjustment (FSAA) was issued. No judicial review of the FSAA having been requested, each shareholder subsequently was assessed a portion of the deficiencies resulting from the FSAA. Petitioners contend that S corporations with 10 or fewer shareholders are excepted from the unified audit and litigation procedures by sections 6244 and 6231(a)(1)(B). We have recently held that there was no small S corporation exception to the unified audit and litigation procedures prior to January 30, 1987, the effective date of section 301.6241-1T(c), Temporary Proced. & Admin. Regs. Eastern States Casualty Agency, Inc. v. Commissioner, 96 T.C. 773 (1991). Accordingly, we answer the question posed by the parties in the affirmative. An appropriate order will be issued. Footnotes
*. By Order of the Chief Judge, this case was assigned and submitted to Judge James S. Halpern for disposition.↩
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩