EASTERN STATES CASUALTY AGENCY, INC., WILMA SMITH, TAX MATTERS PERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Eastern States Casualty Agency, Inc. v. Commissioner
Docket No. 3497-90
United States Tax Court
T.C. Memo 1991-559; 1991 Tax Ct. Memo LEXIS 607; 62 T.C.M. (CCH) 1213; T.C.M. (RIA) 91559; November 12, 1991, Filed *607 Pursuant to this Court's opinion in Eastern States Casualty Agency, Inc. v. Commissioner, 96 T.C. 773 (1991), the Court issued an order denying P's motion to dismiss for lack of jurisdiction. Thereafter, P filed a motion to amend the Court's order denying P's motion to dismiss for lack of jurisdiction. P seeks an interlocutory appeal pursuant to I.R.C. sec. 7482(a)(2) and Rule 193(a), Tax Court Rules of Practice and Procedure.Held, P's motion will be denied. David M. Kuchinos, for the petitioner. Keith C. Troxell and Curtis G. Wilson, for the respondent. NIMS, Chief Judge. NIMS
SUPPLEMENTAL MEMORANDUM OPINION This matter is before the Court on petitioner's motion to amend the Court's June 4, 1991, order denying petitioner's motion to dismiss for lack of jurisdiction. Petitioner is seeking an interlocutory appeal pursuant to section 7482(a)(2) and Rule 193. (Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.) On June 4, 1991, the Court filed its opinion in this case, Eastern States Casualty Agency, Inc. v. Commissioner, 96 T.C. 773 (1991). *608 We held that prior to the effective date of section 301.6241-1T(c), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987) no S corporations are exempt from the unified subchapter S audit and litigation procedures contained in section 6241 et seq. Consequently, we further held that respondent properly issued a notice of final S corporation administrative adjustment (FSAA) to Eastern States Casualty Agency, Inc. (Eastern States), an S corporation with four shareholders. Eastern States Casualty Agency, Inc. v. Commissioner, supra at 782-783. In so holding, we concluded that we would no longer follow our prior opinions in Blanco Investments & Land, Ltd. v. Commissioner, 89 T.C. 1169 (1987), and 111 West 16th St. Owners, Inc. v. Commissioner, 90 T.C. 1243 (1988), where we held that prior to the effective date of section 301.6241-1T(c), Temporary Proced. & Admin. Regs., we would not extend the small S corporation exception beyond S corporations with one shareholder. We also declined to follow the Fifth Circuit's opinion in Arenjay Corp. v. Commissioner, 920 F.2d 269 (5th Cir. 1991), *609 revg. and remanding an unreported order of this Court, which held that S corporations with 10 or fewer shareholders are exempt from the unified subchapter S audit and litigation procedures. As we indicated in our prior opinion, because venue for an appeal of this case would lie with the United States Court of Appeals for the Third Circuit, Arenjay Corp. is not controlling. See Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). On June 4, 1991, pursuant to our opinion in this case, we issued an order denying petitioner's motion to dismiss for lack of jurisdiction. Thereafter, petitioner filed a motion to amend the Court's June 4, 1991, order. Petitioner is seeking an immediate appeal of this Court's interlocutory order pursuant to section 7482(a)(2) and Rule 193(a). This Court may certify an interlocutory order for an immediate appeal if we conclude that (1) a controlling question of law is involved, (2) with respect to which there is a substantial ground for difference of opinion, and that (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. Sec. 7482(a)(2)(A); *610 Rule 193(a). See also First Western Government Securities, Inc. v. Commissioner, 94 T.C. 549, 564-565 (1990), affd. sub nom. Samuels, Kramer & Co. v. Commissioner, 930 F.2d 975 (2d Cir. 1991); Kovens v. Commissioner, 91 T.C. 74 (1988), affd. without published opinion 933 F.2d 1071 (11th Cir. 1991). If any one of the three requirements are not satisfied, petitioner's request for certification must be denied. Kovens v. Commissioner, supra at 77. In determining whether the present case fits within these specific requirements, the key underlying consideration is whether this case is truly "exceptional" in nature. "Such a desire to limit availability of this process to exceptional cases reflects a strong policy in favor of avoiding piecemeal review and its attendant delay and waste of time." Kovens v. Commissioner, supra at 78. Cf. Milbert v. Bison Laboratories, Inc., 260 F.2d 431 (3d Cir. 1958). We agree with petitioner that our order denying her motion to dismiss for lack of jurisdiction involves a controlling question of law. That question *611 is whether prior to the effective date of section 301.6241- 1T(c), Temporary Proced. & Admin. Regs., the unified subchapter S audit and litigation procedures contained in section 6241 et seq. apply to Eastern States, an S corporation with four shareholders. We disagree, however, that there is a substantial ground for difference of opinion as to the controlling question of law. In order to satisfy the "substantial ground for difference of opinion" requirement, the question involved must present a serious and unsettled legal issue. Kovens v. Commissioner, supra at 80. Cf. Cohen v. Beneficial Loan Corp.,337 U.S. 541, 547, 93 L. Ed. 1528, 69 S. Ct. 1221 (1949). Petitioner asserts that the conflicting opinions of this Court in Blanco, the Fifth Circuit's opinion in Arenjay Corp. and the majority and dissenting opinions in the present case demonstrate that there are substantial grounds for differences of opinion on the issue of this Court's jurisdiction herein. We are not so persuaded. The issue of whether this Court lacks jurisdiction in the present case is not "unsettled." Our opinion in the present case was Court reviewed. While we concluded that we would *612 no longer follow the rationale of our prior opinions in Blanco and 111 West 16th St. Owners, those cases reached the same result as we reached in the present case. Further, as previously indicated, the Fifth Circuit's opinion in Arenjay Corp. is not controlling herein, and no other circuit court of appeals has addressed the issue presented. Under these circumstances, we are not persuaded that our conclusion to respectfully decline to follow Arenjay Corp., an opinion that we are not bound to follow, establishes that a serious and unsettled legal issue is presented within the meaning of section 7482(a)(2). We also disagree with petitioner that an immediate appeal from our order may materially advance the ultimate termination of the present litigation as contemplated by section 7482(a)(2). Petitioner asserts that if the Third Circuit reverses our holding in Eastern States Casualty Agency, Inc., a trial on the merits will be unnecessary and, thus, the present litigation will be terminated. We cannot conclude, as petitioner urges, that when this Court's jurisdiction is challenged, our resolution of that challenge should be immediately appealable in order to avoid *613 the possibility of having to try the case on the merits. We do not dispute that a conclusion by the Third Circuit that this Court is without jurisdiction would ultimately resolve the present case. However, if the sole guide to our determination was whether a trial on the merits would be avoided, a multitude of interlocutory opinions would become appealable. Such a result was not intended by Congress in enacting section 7482(a)(2). Kovens v. Commissioner, supra at 78. Rather, as indicated at the outset, Congress intended that interlocutory orders should be granted only in exceptional cases. After considering all of petitioner's arguments and based upon the record before us, we are not persuaded that this case falls within that rare category of cases contemplated by Congress when enacting section 7482(a)(2). Accordingly, petitioner's motion to amend the Court's June 4, 1991, order to allow petitioner an interlocutory appeal pursuant to section 7482(a)(2) and Rule 193(a) will be denied. To reflect the foregoing, An appropriate order will be issued.