TWENTY-THREE NINETEEN CREEKSIDE, INC., MICHAEL E. BALDIGO, TAX MATTERS PERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Twenty-Three Nineteen Creekside, Inc. v. Commissioner
Docket No. 2345-90
United States Tax Court
T.C. Memo 1991-271; 1991 Tax Ct. Memo LEXIS 314; 61 T.C.M. (CCH) 2914; T.C.M. (RIA) 91271; June 12, 1991, Filed *314 We previously rejected petitioner's argument that the unified audit and litigation provisions of sec. 6244 of the Code did not apply to the three-shareholder subchapter S corporation at bar. We have reviewed petitioner's motion for reconsideration in light of the recent opinion of the United States Court of Appeals for the Fifth Circuit in Arenjay Corp. v. Commissioner, 920 F.2d 269 (5th Cir. 1991), revg. and remanding an unreported Order of this Court, in which it was held that the unified subchapter S procedures were inapplicable to subchapter S corporations with ten or fewer shareholders. Appeal in the instant case lies to the Court of Appeals for the Ninth Circuit. In Eastern States Casualty Agency, Inc. v. Commissioner, 96 T.C. 773 (1991), we reconsidered our holdings in Blanco Investments & Land, Ltd. v. Commissioner, 89 T.C. 1169 (1987), and 111 West 16St. Owners, Inc. v. Commissioner, 90 T.C. 1243 (1988), in light of Arenjay Corp. v. Commissioner, supra, and we will no longer follow the reasoning contained in those cases. We also decline to follow the reasoning in Arenjay. Held, the ten-person partnership exemption from unified proceedings *315 is not incorporated by reference by sec. 6244. Held, prior to the effective date of sec. 301.6241-1T(c), Temporary Proced. & Admin. Regs., no S corporations are exempt from the unified audit and litigation procedures. Held further, petitioner's motion for reconsideration is denied. Michael E. Baldigo, for the petitioner. ShelleyAnne Chang, for the respondent. Scott, Judge. BUCKLEY, Special Trial Judge. SCOTT MEMORANDUM OPINION This case was assigned to Special Trial Judge Buckley pursuant to the provisions of section 744A(b) and Rules 180 et seq. [1] After a review of the record, we agree with and adopt her opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE Our Memorandum Opinion in this matter was filed on December 27, 1990, T.C. Memo 1990-649. In that opinion, inter alia, we *316 held that the unified audit and litigation procedures applied to the three-shareholder subchapter S corporation in the matter at bar. We now consider petitioner's request for reconsideration under Rule 161. This case was originally filed under the caption "Twenty-Three Nineteen Creekside, Inc., Michael E. Baldigo, A Person Other than the Tax Matters Person, Petitioner v. Commissioner of Internal Revenue, Respondent." We granted respondent's motion to correct caption in order to indicate that Michael E. Baldigo was the Tax Matters Person of the subchapter S corporation. Respondent mailed the Notice of Final S Corporation Administrative Adjustment (hereafter FSAA) to various persons, including Michael E. Baldigo, in regard to a California subchapter S corporation, Twenty-Three Nineteen Creekside, Inc., (hereafter the corporation) for the corporate tax year ended June 30, 1984. During that year, there were three shareholders of the corporation, one of whom was Mr. Baldigo, who held 72 percent interest in the corporation. In our Memorandum Opinion, we held that Mr. Baldigo was the Tax Matters Person of the corporation, and we dealt preliminarily with his contention that the unified *317 audit and litigation provisions of section 6241 et seq. do not apply to a subchapter S corporation with but three shareholders. The Subchapter S Revision Act of 1982, Pub. L. 97-354, 96 Stat. 1669, provides, inter alia, for a consideration of the tax treatment of items of subchapter S income, deductions, and credits in a unified proceeding rather than in separate proceedings with shareholders. Thus, section 6241 provides that the treatment of any subchapter S item shall be determined at the corporate level. Section 6244 provides that certain provisions of the unified partnership audit and litigation provisions are made applicable to subchapter S items, except to the extent modified or made inapplicable in regulations. The unified partnership procedures were added to the Code by section 402 of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 648. The unified partnership provisions which are made applicable to subchapter S items relate to assessing deficiencies, filing claims for credit or refund, as well as judicial determination of partnership items. Section 6231(a)(1)(B) provides that partnerships with ten or fewer partners are exempt *318 from the unified partnership audit and litigation procedures, so that the tax treatment of such partnerships is determined (as in the pre-TEFRA days) at the individual partner level, rather than at the partnership level. Petitioner argues that this ten-person exemption provision is incorporated in the subchapter S audit and litigation provisions and that since the corporation had but three shareholders, unified treatment is inappropriate. The Secretary issued Temporary Regulations on January 27, 1987, providing that where an S corporation consists of five or fewer shareholders, the tax treatment shall not be determined at the corporate level. The Temporary Regulations, however, are applicable only to the taxable year of an S corporation the due date of the return of which is on or after January 30, 1987. Sec. 301.6241-1T(c)(2)(i), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 27, 1987). Here, we deal with adjustments for the taxable year ended June 30, 1984. By its terms, the temporary regulation is inapplicable to the matter at bar. Since we filed our memorandum opinion holding that individual shareholder treatment was not appropriate in this matter, *319 the Fifth Circuit, in Arenjay Corp. v. Commissioner, 920 F.2d 269 (5th Cir. 1991), revg. and remanding an unreported Order of this Court, has held that the unified procedures do not apply to a subchapter S corporation with ten or fewer shareholders for those years not covered by the regulation. The Fifth Circuit incorporated the statutory ten-partner exemption in regard to partnership audits and litigation into the subchapter S procedures. Since this opinion, which reverses an unpublished Order of this Court, is in conflict with our earlier decisions in Blanco Investments & Land, Ltd. v. Commissioner, 89 T.C. 1169 (1987), and 111 West 16St. Owners, Inc. v. Commissioner, 90 T.C. 1243 (1988), it appears appropriate to reconsider our Memorandum Opinion in this matter, even though appeal in this case lies to the United States Court of Appeals for the Ninth Circuit. Thus, our holdings in those and other cases still have vitality in all jurisdictions with the exception of those within the Fifth Circuit. See Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). *320 Nevertheless, we reconsider our Memorandum Opinion in order to decide whether we will follow the rationale of the Fifth Circuit in Arenjay Corp. v. Commissioner, supra, which conflicts with its conclusion. Section 6244 of the Code provides as follows: SEC. 6244. CERTAIN PARTNERSHIP PROVISIONS MADE APPLICABLE. The provisions of -- (1) subchapter C which relate to -- (A) assessing deficiencies, and filing claims for credit or refund, with respect to partnership items, and (B) judicial determination of partnership items, and (2) so much of the other provisions of this subtitle as relate to partnership items,
are (except to the extent modified or made inapplicable in regulations) hereby extended to and made applicable to subchapter S items. It is therefore necessary to look to the provisions of subchapter C which relate to assessing deficiencies with respect to partnership items. Subchapter C provides that the tax treatment of any partnership item shall be determined at the partnership level. Sec. 6221. Assessment is to be made only after the completion of partnership level proceedings. Sec. 6225. Further, judicial review is to *321 be made on a unified basis. Sec. 6226. Contained within the provisions of subchapter C is the definition of a "partnership" in section 6231(a)(1). That section provides that the term partnership means any partnership required to file a return under section 6031(a). It goes on, however, to set forth an exception for certain small partnerships with "10 or fewer partners each of whom is a natural person (other than a nonresident alien) or an estate." The Fifth Circuit in Arenjay Corp. v. Commissioner, supra, held that the same ten-person exemption was incorporated by reference in the subchapter S corporation audit and litigation procedures by section 6244. At the time of the enactment of the Subchapter S Revision Act, section 1361, which defines an S corporation, was amended to increase the possible number of shareholders of a subchapter S corporation from 25 to 35. This number was originally amended from 10 to 15 shareholders in 1978, Pub. L. 95-600, 92 Stat. 2843, and later from 15 to 25 shareholders in 1981, Pub. L. 97-34, 95 Stat. 250. Section 1361, amended at the same time as section 6244 was enacted, does not contain within its provisions any exemption *322 for a "small" subchapter S corporation such as the partnership audit and litigation provisions contain. The definition of what constitutes a "partnership" for TEFRA purposes as contained in section 6231(a)(1) is, of course, not relevant to the definition of a subchapter S corporation, which is defined in section 1361. Whether the ten-person exemption should be grafted onto subchapter S unified proceedings can be ascertained only upon review of the specific provisions of section 6244. That section provides for the incorporation of those provisions of subchapter C, first, which relate to assessing deficiencies and filing claims for credit or refund with respect to partnership items. The definition of what constitutes a partnership for TEFRA provisions does not pertain to any of such activities. Thus, the provisions for assessing deficiencies, filing claims, etc. have nothing to do with the definition of a partnership and similarly, nothing to do with the definition of a subchapter S corporation. These are purely procedural provisions regarding partnership audits which are incorporated by reference to subchapter S corporation audits. Second, section 6244 incorporates those provisions *323 of subchapter C which relate to judicial determination of partnership items. This provision, also, has nothing to do with incorporating the definition of a partnership for TEFRA purposes into a subchapter C judicial proceeding. In Blanco Investments & Land, Ltd. v. Commissioner, supra at 1173, we stated: Section 6244 incorporates generically four categories of partnership audit and litigation provisions into the S corporation audit and litigation procedures: those relating to (1) assessments of deficiencies, (2) filing claims for credit or refund, (3) judicial determinations of partnership items, and (4) partnership items. Section 6231(a)(1)(B) [defining a partnership for TEFRA purposes] does not relate to an assessment, refund claim, or judicial determination and, therefore, is not made applicable to S corporation audits by section 6244(1). Consequently, the small partnership exception applies to S corporation litigation only if it "relate[s] to partnership items" within the meaning of section 6244(2). [Fn. ref. omitted.]
We accordingly refused to accept the taxpayer's contention that the ten-person partnership exemption was incorporated by section *324 6244 into the subchapter S corporation procedures. We went on, however, to hold that there was an exception applicable to S corporation audit and litigation procedures if it related to "partnership items" within the meaning of section 6244(2). As we noted in Blanco at 1174: We believe that the small partnership exception does, by definition, "relate" to partnership items. Eligibility for small partnership status turns, in part, on how the partners share partnership items. Section 6231(a)(1)(B)(i)(II) expressly provides that a necessary element of small partnership status is that each partner share in partnership items in the same proportion as that partner shares in all other items. Further, the existence of partnership items depends on the existence of a partnership. If a partnership meets the requirements for the small partnership exception of section 6231(a)(1)(B), it is not considered to be a partnership for purposes of the partnership litigation procedures. In that event, no partnership items exist. The connection, therefore, between the small partnership exception and partnership items is direct and substantial. * * *
We have reconsidered this aspect of *325 our holding in Blanco, and upon reconsideration, believe we were incorrect in our view that the ten-person exemption has any relation to "partnership items." Rather, that term relates to the provisions of section 6231(a)(3) which define partnership items. That subsection provides: (3) PARTNERSHIP ITEM. -- The term "partnership item" means, with respect to a partnership, any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level. In our view, the definition of what relates to a partnership item refers to items of income, deductions, and credits of partnerships, rather than to what constitutes a partnership for TEFRA purposes. In the introductory paragraph of the Conference Committee report, it is stated: "the tax treatment of items of partnership income, loss, deductions, and credits will be determined at the partnership level in a unified partnership proceeding rather than in separate proceedings with the partners." H. Rept. No. 97-760 *326 (Conf.) (1982), 1982-2 C.B. 600, 662. Thus, it is clear that Congress, by utilizing the term "partnership items" intended it to mean items of income, loss, deductions, and credits. We do not believe that Congress intended it to incorporate the ten-person exemption for small partnerships within the ambit of that term. Further, we find nothing in the legislative history which would indicate to the contrary. To the extent that our opinion in Blanco holds to the contrary, we no longer follow that opinion. Thus we hold that the definition of the partnership item does not contain within itself the ten-person exclusion or any other exclusion. We note that in Blanco, a one-shareholder subchapter S corporation, we went on to state an additional reason for our holding (at 1176): It is clear that interpreting the S corporation litigation procedures to apply to an S corporation with one shareholder would lead to a result contrary to the intent of the statute. The procedures were intended to conserve time and resources by disposing of all issues relating to an S corporation in a single proceeding. There is no need for a separate entity level proceeding for *327 an S corporation with only one shareholder. It is impossible to have conflicting shareholder positions with a single shareholder. The judicial and administrative problems that prompted Congress to enact the entity level audit and litigation procedures do not exist in the case of the single shareholder. Moreover, applying the entity level procedures to a single shareholder S corporation creates additional litigation rather than conserving time and resources.
Upon reconsideration, we also determine that we will not follow this holding. There are no exemptions written into the statutory language for subchapter S corporations based upon the number of shareholders. That Congress has chosen to leave to the discretion of the Secretary. We have just held to this effect in a Court-reviewed opinion, Eastern States Casualty Agency, Inc. v. Commissioner, 96 T.C. 773 (1991), and we also so hold in the matter at bar. Following our decision in Blanco, we considered a three-shareholder subchapter S corporation (such as that at bar) in 111 West 16St. Owners, Inc. v. Commissioner, supra. There, we once again specifically rejected the *328 taxpayer's argument that an exception was mandated for subchapter S corporations of ten or fewer shareholders. We also declined to hold that any figure greater than the exemption of one we determined in Blanco constituted an exception to the unified procedures, holding that to be a matter for the administrator to resolve by regulations. The result we reached in 111 West 16 St. Owners, Inc. was correct; we will, however, no longer follow the reasoning contained therein. Eastern States Casualty Agency, Inc. v. Commissioner, supra.
After considering the opinion of the Fifth Circuit in Arenjay Corp. v. Commissioner, supra, we decline to follow the reasoning of the Circuit in the case at bar. We further note that the opinion in Arenjay Corp. did not focus upon what constitutes a "partnership item" for purposes of incorporating the ten-person partnership exemption for subchapter S purposes. Accordingly, and because we find insufficient reason to address petitioner's several other requests for reconsideration, we decline to grant petitioner's motion. An appropriate order will be issued. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩