**ARENJAY CORPORATION, A. James Sedwick, Jr., Tax Matters Person, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 90–4212.

United States Court of Appeals, Fifth Circuit.

Jan. 4, 1991.

James A. Hime, Robert L. Asher, III, Baker & Botts, Washington, D.C., for petitioner-appellant.

Gary R. Allen, Kimberly S. Stanley, Shirley D. Peterson, Asst. Atty. Gen., Tax Div., Dept. of Justice, Bruce R. Ellisen, Kenneth L. Green, Peter K. Scott, Acting Chief Counsel, I.R.S., Washington, D.C., for respondent-appellee.

Before RUBIN, SMITH, and BARKSDALE, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Declining the importunity of the Commissioner of Internal Revenue that we interpret a statute clear on its face to convey a different meaning because in the Commissioner's opinion, unsupported by record evidence, the patent reading would lead to absurd consequences, we hold that the procedural provisions of subchapter C of the Internal Revenue Code relating to partnerships apply to subchapter S corporations, and reverse the contrary Tax Court judgment.

In 1982, Congress amended the Internal Revenue Code to provide for unified treatment of subchapter S items among shareholders of S corporations.[1] It added several sections to the code, incorporating by reference the audit and litigation procedures applicable to partnerships, which, like S corporations, are not taxable entities.[2] One of these, Section 6244, provides:

The provisions of—

(1) subchapter C which relate to—

(A) assessing deficiencies ... with respect to partnership items, and

(B) judicial determination of partnership items, and

(2) so much of the other provisions of this subtitle as relate to partnership items,

are (except to the extent modified or made inapplicable in regulations) hereby extended to and made applicable to subchapter S items.

The partnership portions referred to provide generally that the tax treatment of partnership items will be determined at the partnership level in a unified partnership proceeding, rather than by examining separately the return of each partner.[3] Once the Commissioner has determined that an adjustment is warranted with respect to a particular partnership item, he must issue a Notice of Final Administrative Adjustment (FSAA) to each partner or shareholder. If dissatisfied, the designated "tax matters person" may then institute a court proceeding for readjustment of the items.

Section 6231(a)(1)(B) provides partnerships with ten or fewer partners with an exemption from the partnership audit and litigation procedures, known as the "small partnership exception." The tax treatment of such small partnerships is determined at the individual-partner level, rather than at the partnership level. Section 6244 makes Section 6231(a)(1)(B) applicable to S corporations.[4]

No regulation modifying Section 6231(a)(1)(B) was proposed by the Commissioner until January 30, 1987, when he issued temporary regulations—which also serve as the proposed regulations—effective from that date, providing special rules for the treatment of certain small S corporations.[5] These regulations exempt only S corporations with five or fewer sharehold-

---

1. 26 U.S.C. §§ 6241–6245 (1988).

2. *Id.* at § 6244.

3. H.R.Conf.Rep. No. 97–760 at 600 (1982–2 Cum.Bull. at 662).

4. *111 West 16th Street Owners, Inc. v. Commissioner,* 90 T.C. 1243, 1247 (1988); *Blanco Investments & Land, Ltd. v. Commissioner,* 89 T.C. 1169, 1174 (1987).

5. Section 301.6241–1T(c)(2)(i), Temp.Proced. & Admin.Regs., 52 Fed.Reg. 3003 (Jan. 30, 1987).

ers, each of whom is a natural person or estate and none of whom is a pass-through shareholder, from the application of the S corporation audit and litigation procedures, § 6241, *et seq.*

In *Blanco Investments & Land Ltd.,*[6] a case involving taxes due for the year 1983, the Tax Court held that "some exception exists, at least in the absence of regulations to the contrary,"[7] but limited the exception to S corporations with only one shareholder. The court found that the S-corporation audit and litigation procedures did not apply "where an S corporation is owned by one shareholder [since] a 'unified' proceeding is a useless bifurcation of a one-person examination."[8] *Blanco* concluded that the scope of the exception was a matter for the Commissioner to determine by regulation, because "if we were to set the number of shareholders an S corporation may have and still qualify for a small S corporation exception, we would be acting as the tax administrator."[9]

*111 West 16th Street Owners, Inc. v. Commissioner,*[10] involving an FSAA issued to an S corporation with three shareholders, reaffirmed *Blanco Investments* and rejected the corporation's argument that the statute provided an exception for S corporations with ten or fewer shareholders, holding that the "small S corporation" exception applied only to S corporations with one shareholder.[11] The court stated that if it accepted the corporation's argument, then "90% of all S corporations would be excepted" from the S corporation audit and litigation procedures, and it declined to "impute to Congress an intent to achieve this remarkable effect."[12]

In both cases the tax court ignored the clear statutory directive of Congress by limiting the small S corporation exception to one-shareholder S corporations, apparently because it considered its own interpretation more practical. The interpretation of the statute, however, is a question of law reviewable de novo by this court.[13]

Section 6231 of the statute is unambiguous. Partnerships with 10 or fewer partners are exempted from the audit and litigation procedures. Congress grafted subchapter S onto the partnership provisions; § 6231 is made applicable to S corporations by § 6244. Thus S corporations are governed by the same rules applicable to partnerships. The Commissioner cites no legislative history to support his interpretation, so we need not concern ourselves with the debate concerning the role of legislative history in statutory interpretation.[14] Section 6231 exempts those partnerships with ten or fewer partners. By overlaying the word "partnership" with "S corporation," and the word "partner" with "shareholder," § 6231 provides an "[e]xception for small *S corporations....* if such corporation has ten or fewer *shareholders....*" [emphasis added]. Whether this exempts 90% of the S corporations from the unitary proceedings, a matter about which there is no evidence in the record, is not relevant.

If the Commissioner chose to do so for practical or other reasons, he might immediately have invoked his statutory authority to adopt regulations modifying the statute; instead he took no action until 1987, after the tax year here in question.

6. 89 T.C. at 1169.

7. *Id.* at 1175.

8. *Id.* at 1176.

9. *Id.* at 1175.

10. 90 T.C. at 1243.

11. *Id.* at 1247.

12. *Id.*

13. *Dresser Industries, Inc. v. Commissioner,* 911 F.2d 1128, 1132 (5th Cir.1990); 26 U.S.C. § 7482(a).

14. *See H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 109 S.Ct. 2893, 2907, 106 L.Ed.2d 195 (1989) (Scalia, J., concurring in the judgment); *Jett v. Dallas Indep. School Dist.,* 491 U.S. 701, 109 S.Ct. 2702, 2724, 105 L.Ed.2d 598 (1989) (Scalia, J., concurring in part and concurring in the judgment); *INS v. Cardoza–Fonseca,* 480 U.S. 421, 452, 107 S.Ct. 1207, 1223, 94 L.Ed.2d 434 (1987) (Scalia, J., concurring in the judgment); Eskridge, *The New Textualism,* 37 UCLA L.Rev. 621 (1990).

The Commissioner contends that we should nonetheless affirm the Tax Court because Arenjay was not prejudiced by his election to follow the general S-corporation audit and litigation procedures. This argument ignores the prejudice that Arenjay would now suffer if we were to sanction the Commissioner's failure to follow the statute.

For these reasons, the judgment is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.