Charles D. BEARD, Jr.; Mary Sue
Beard, Plaintiffs–Appellants,

v.

UNITED STATES of America,
Defendant–Appellee.

John G. BEARD; Louise H. Beard,
Plaintiffs–Appellants,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 92–6296.

United States Court of Appeals,
Eleventh Circuit.

June 11, 1993.

Jack W. Selden, U.S. Atty., Caryl P. Privett, Birmingham, AL, Gary R. Allen, Tax Div., Dept. of Justice, Janet Kay Jones, Brian C. Griffin, Richard Farber, Steven Parks, Washington, DC, for defendant-appellee.

Before FAY and KRAVITCH, Circuit Judges, and RONEY, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

The Subchapter S Revision Act of 1982 (SSRA), Pub.L. 97–354, 96 Stat. 1669 (currently codified at 26 U.S.C. §§ 6241–45 (1988)), generally requires shareholders in S corporations to follow the same procedures which partners in partnerships must follow to contest adjustments made by the Internal Revenue Service (IRS) to their business entity's tax return. 26 U.S.C. § 6244. The sole question in this case is whether Congress exempted from those procedures S corporations having ten or fewer shareholders, just as it exempted partnerships with ten or fewer partners. *See id.* § 6231(a)(1)(B). We agree with the district court that Congress did not mandate such an exception for small S corporations. Regulations promulgated by the Secretary of the Treasury do except from the procedures S corporations having five or fewer shareholders, but those regulations became effective on January 30, 1987, and thus do not apply to appellants in this case. *See* 26 C.F.R. § 301.6241–1T(c)(2). Accordingly, we affirm the district court's grant of summary judgment in favor of the government.

## I.

Appellants Charles D. Beard, Jr., Mary Sue Beard, John G. Beard, and Louise H. Beard were the only shareholders in Alabama Home Health Care Services (Alacare),[1] an S corporation for federal income taxation purposes. *See* 26 U.S.C. § 1362. In the early 1980s, Alacare acquired the assets of

---

1. The record is unclear as to whether appellant Louise H. Beard was a shareholder in Alacare. The district court evidently believed she was. *See* R.1–7, at 1–2. At oral argument, counsel for appellants stated that she was not. Counsel explained that she is a party to this litigation because she filed tax returns for the years in question jointly with her husband, appellant John G. Beard, and thus incurred liability for unpaid taxes together with him. We need not address this apparent factual dispute because whether Alacare had three or four shareholders is immaterial to the disposition of this case. *See infra* Part II.

another health care corporation. Those assets included various claims against Medicare and Medicaid. After attempting unsuccessfully to collect these claims, Alacare took deductions related to the claims on its 1983 and 1984 income tax returns.[2] Because S corporations pass deductions through to their shareholders, see infra Part II.A., appellants claimed pro rata shares of the deductions on their personal income tax returns.

In 1988 the IRS audited Alacare's 1983 and 1984 returns and disallowed the deductions the corporation had taken with respect to the uncollected Medicare and Medicaid claims. The IRS properly notified appellants of the disallowances. The notices informed appellants that the correct way to contest the adjustment was to "file a petition for a readjustment of the S corporation items with the United States Tax Court, the United States Claims Court, or the District Court of the United States." [3]

Despite this warning, appellants did not petition for readjustment of the S corporation items. They did not, that is, contest the disallowance of the deductions in a single proceeding at the corporate level. Instead, appellants paid the additional taxes which the IRS asserted they owed. They then filed with the IRS individual claims for refunds. When the IRS denied their refund requests, appellants brought the instant tax refund suits in their individual capacities.

At the government's request, the district court consolidated appellants' actions. The court then granted summary judgment in favor of the government on the ground that the court lacked subject matter jurisdiction to entertain those actions. The court held that the Internal Revenue Code requires ag-

grieved shareholders to challenge IRS adjustments to their S corporation's return in one unified proceeding, not separate refund suits, regardless of the size of the S corporation.[4]

The district court's construction of the Code presents a question of law, which we review de novo.

## II.

### A.

An S corporation is a small business corporation [5] which has elected to have its income taxed according to the provisions of subchapter S of the Code's chapter on normal income taxes, 26 U.S.C. §§ 1361–79. See 26 U.S.C. § 1361(a)(1). It generally does not pay income taxes as an entity. Id. §.1363(a). Rather the corporation files only an informational return reporting for the taxable year its gross income (or loss) and deductions (collectively "items" [6]); its shareholders; and the shareholders' pro rata shares of each item. Fehlhaber v. Commissioner, 954 F.2d 653, 654 (11th Cir.1992). The items are then "passed through" on a pro rata basis to the shareholders, who report them on their personal income tax returns. 26 U.S.C. § 1366(a). The S corporation is, in effect, a Code-created hybrid combining traits of both corporations and partnerships. It is a corporation for non-tax purposes, retaining, among other features, the corporate hallmark of limited liability for its shareholders. At the same time, the Code treats it largely as a partnership, taxing most of its income at the individual rather than the entity level.[7] Fehlhaber, 954 F.2d at 654.

---

2. The amounts deducted were for contractual adjustments made, legal fees incurred, and bad-debt losses suffered in connection with the unpaid claims.

3. R.1–6, Exhs. 1, 2.

4. R.1–7, at 4–5.

5. A "small business corporation" is, in general, a domestic corporation which has 35 or fewer shareholders, no non-individual shareholders, no nonresident-alien shareholders, and only one class of stock. 26 U.S.C. § 1361(b)(1).

6. Treasury regulations define "Subchapter S items" more broadly to include, among other things, the corporation's items of income, gain, loss, deduction, or credit; expenditures by the corporation not deductible in computing its taxable income; and items of corporate income that are exempt from tax. 26 C.F.R. § 301.6245–1T. Only the items of income, loss, and deductions are relevant to our analysis in this case.

7. Several important differences do exist between the tax treatment of S corporations and partnerships. While partnerships are never liable for entity-level taxes, for example, certain S corpora-

Although partnerships do not pay taxes as a business unit, they ordinarily are treated as entities for the limited purposes of reporting, assessing, and contesting partnership items.[8] Thus, in the Tax Treatment of Partnership Items Act of 1982 (TTPIA), Pub.L. 97–248, §§ 401–06, 96 Stat. 324, 648–71, (codified at 26 U.S.C. §§ 6221–31 & 6233),[9] Congress established comprehensive procedures for unified determinations of deficiencies and refunds attributable to partnership items. When the IRS concludes that a partnership's tax return underreports income or erroneously claims losses or deductions, the IRS must issue to all known partners[10] a notice of final partnership administrative adjustment, informing them of an adjustment to the partnership return. 26 U.S.C. § 6223(a). The partners may contest the adjustment only in a single, unified proceeding;[11] challenges by individual partners in the form of separate refund suits are not allowed. *Id.* § 6221 ("Except as otherwise provided in this subchapter, the tax treatment of any partnership item shall be determined at the partnership level."); *id.* § 7422(h) ("No action may be brought for a refund attributable to partnership items," with two exceptions not relevant to this case). Prior to the enactment of this procedure for unified audits and litigation, the IRS had to issue separate notices of deficiency to each partner. As a result, issues regarding partnership items had to be resolved separately in what might be a large number of individual cases. The unified-litigation requirement promotes judi-cial economy and consistency of results, and facilitates comprehensive settlements, by enabling the courts and the IRS to address issues affecting the entire partnership in a single forum. *See, e.g.,* H.R.Conf.Rep. No. 97–760, 97th Cong., 2d Sess. 599 (1982), *reprinted in* 1982 U.S.C.C.A.N. 781, 1190, 1371.

One important exception exists to the general rule that partners must contest adjustments to partnership items in a unified proceeding. Congress excluded from the definition of "partnership" for purposes of the unified audit and litigation procedures partnerships with "10 or fewer partners each of whom is a natural person (other than a nonresident alien) or an estate." 26 U.S.C. § 6231(a)(1)(B)(i)(I).[12] Thus, partners in "small" partnerships may challenge an assessment attributable to partnership items by bringing individual tax refund suits.[13]

Congress enacted the SSRA shortly after it enacted the TTPIA. In 26 U.S.C. § 6244, Congress made applicable to S corporation items

[t]he provisions of—

(1) [the TTPIA] which relate to—

(A) assessing deficiencies, and filing claims for credit or refund, with respect to partnership items, and

(B) judicial determination of partnership items . . .

except to the extent modified or made inapplicable in regulations.

■ Appellants concede that section 6244 generally incorporates by reference into the

---

tions may be subject to taxes on the recapture of investment credit, on passive investment income, and on built-in gains. *See generally* James S. Eustice & Joel D. Kuntz, *Federal Income Taxation of S Corporations* ¶ 7.06, at 7–51 to –88 (3d ed. 1993) (discussing situations in which S corporations are exposed to corporate-level taxes).

**8.** Every partnership, for example, "must file a return for each taxable year, stating specifically the items of its gross income and the deductions allowable." 26 U.S.C. § 6031(a).

**9.** The TTPIA is Title IV of the Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. 97–248, 96 Stat. 648 (codified in scattered sections of 26 U.S.C.).

**10.** Special exceptions apply in the case of certain large partnerships. 26 U.S.C. § 6223(b).

**11.** After receiving the notice of adjustment, the partnership's designated tax matters partner may institute a proceeding challenging the adjustment. *Id.* § 6226(a). If the tax matters partner does not contest the adjustment within ninety days after the notice was mailed to him or her, any other partner may initiate a unified challenge on behalf of all partners within the next sixty days. 26 U.S.C. § 6226(b).

**12.** Husbands and wives count as one partner under this provision. 26 U.S.C. § 6231(a)(1)(B)(i)(I). A second requirement for the exception is that "each partner's share of each partnership item is the same as his share of every other item." *Id.* § 6231(a)(1)(B)(i)(II).

**13.** A small partnership may elect to have the unified litigation procedures apply. 26 U.S.C. § 6231(a)(1)(B)(ii).

SSRA the unified litigation requirements which the TTPIA imposes upon most partners and partnerships. They assert that that fact is immaterial because section 6244 also extends to S corporations and their shareholders the small partnership exception contained in 26 U.S.C. § 6231(a)(1)(B). We disagree with appellants' interpretation of section 6244.

### B.

Distilled to its essence, appellants' argument is that section 6244 sets forth a special definition for "S corporation" for purposes of the SSRA. That definition is derived, the argument goes, by simply "overlaying the word 'partnership' with 'S corporation,' and the word 'partner' with 'shareholder,'" in section 6231(a)(1)(B). *Arenjay Corp. v. Commissioner*, 920 F.2d 269, 271 (5th Cir.1991), *cited in* Appellants' Initial Brief at 5. The problem with this argument is that federal law already expressly defines the term "S corporation" for purposes of the SSRA. That definition does not include a small S corporation exception applicable to appellants in this case.

■ On January 30, 1987, ostensibly in response to the absence of an explicit definition of S corporation in the SSRA, the Secretary of the Treasury promulgated a temporary regulation defining S corporation for purposes of the unified litigation procedures. *See* 26 C.F.R. § 301.6241–1T(c) (1987). That regulation resembles closely the definition of partnership in 26 U.S.C. § 6231(a)(1). The regulation provides that, in general, the term "S corporation" means "any corporation required to file a return under section 6037(a)." [14] 26 C.F.R. § 301.6241–1T(c)(1). *Compare* 26 U.S.C. § 6231(a)(1)(A) (In general "the term 'partnership' means any partnership required to file a return under section 6031(a)."). It then excludes from the definition "small" S corporations, defined as those "S corporation[s] with 5 or fewer shareholders, each of whom is a natural per-

son or an estate." 26 C.F.R. § 301.6241–1T(c)(2)(ii). *Compare* 26 U.S.C. § 6231(a)(1)(B)(i)(I) (excluding from the definition of partnership entities with "10 or fewer partners each of whom is a natural person (other than a nonresident alien) or an estate").[15] One crucial difference exists, however, between the definition of S corporation in the regulation and the definition of partnership in the statute: The regulation unequivocally limits the exception for small S corporations "to any taxable year of an S corporation the due date of the return for which (determined without regard to extensions) is on or after January 30, 1987." 26 C.F.R. § 301.6241–1T(c)(2)(i). Consequently, all S corporations whose returns were due before January 30, 1987, are deemed to be S corporations subject to the requirements of the SSRA.

The tax returns at issue in this case relate to tax years 1983 and 1984. They were due well before January 30, 1987. Thus, the regulation's small S corporation exception does not apply to appellants and their corporation, Alacare. Unless the regulation constitutes an unauthorized exercise of the Secretary's rulemaking power, appellants' claim that they were not required to bring a unified challenge to the IRS adjustments in this case is meritless.

### C.

■ The Supreme Court has been particularly deferential to the Secretary's interpretations of the Code because courts are "not in the business of administering the tax laws of the Nation. Congress has delegated that task to the Secretary of the Treasury, 26 U.S.C. § 7805(a), and regulations promulgated under this authority, if found to 'implement the congressional mandate in some reasonable manner' must be upheld." *United States v. Cartwright*, 411 U.S. 546, 550, 93 S.Ct. 1713, 1716, 36 L.Ed.2d 528 (1973) (quoting *United States v. Correll*, 389 U.S. 299, 307, 88 S.Ct. 445, 449, 19 L.Ed.2d 537 (1967));

---

**14.** Section 6037(a) demands an informational return from "[e]very S corporation," defined generally in 26 U.S.C. § 1361(a)(1) as a small business corporation which has elected to be taxed as an S corporation.

**15.** In addition, like partnerships, small S corporations may elect to have the unified litigation procedures apply. 26 C.F.R. § 301.6241–1T(c)(2)(v).

*RJR Nabisco, Inc. v. United States*, 955 F.2d 1457, 1464 (11th Cir.1992); *see also Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984) (holding that legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute). For appellants to prevail in this case, therefore, the Secretary's determination not to apply the small S corporation exception retroactively to returns due before January 30, 1987, must be either directly contrary to, or otherwise manifestly unreasonable in light of, the statutory mandate of Congress.

Congress has never stated directly that small S corporations shall be excluded from the definition of S corporation for purposes of the SSRA. To the contrary, in 26 U.S.C. § 6241, Congress conferred upon the Secretary the discretion to make any exceptions to the unified litigation requirements for S corporations. *Eastern States Casualty Agency v. Commissioner*, 96 T.C. 773, 780, 1991 WL 91520 (1991). Section 6241 provides that "[e]xcept as otherwise provided *in regulations prescribed by the Secretary*, the tax treatment of any subchapter S item shall be determined at the corporate level." (Emphasis added.) This statute stands in sharp contrast to its counterpart in the TTPIA, which provides that "[e]xcept as provided *in this subchapter* [the TTPIA], the tax treatment of any partnership item shall be determined at the partnership level." 26 U.S.C. § 6221 (emphasis added). In the TTPIA Congress reserved for itself the exclusive power to create exceptions to the unified audit and litigation procedures for partnerships. It then set forth the exception for small partnerships in section 6231(a)(1)(B). In contrast, the plain language of section 6241 contemplates that the Secretary of the Treasury would create exceptions to the unified procedures with respect to S corporations. In 1987, relying on this express statutory authority, *see* 52 Fed.Reg. 3002 (1987),

the Secretary did exempt certain small S corporations from the unified procedures, but did so only prospectively.

Contrary to appellants' assertions, section 6244 does not incorporate section 6231(a)(1) into the SSRA. Section 6244 makes applicable to S corporation items those provisions of the TTPIA "which relate to ... assessing deficiencies, and filing claims for credit or refund, with respect to partnership items, and [which relate to] ... judicial determination of partnership items." The terms "assessing deficiencies," "filing claims," and "judicial determination" describe the actions of the IRS, the taxpayer, and the courts respectively in the process of determining what are an S corporation's items for a given tax year. By incorporating into the SSRA the provisions of the TTPIA which "relate to" those actions, section 6244 simply provides that an S corporation's income, loss, deductions, and credits are to be identified, computed, and contested pursuant to the same procedures that are used to identify, compute, and contest a partnership's items—namely, the unified audit and litigation procedures contained in the TTPIA. Section 6244 does not purport to limit or define *who* must follow those procedures. It does not, by its terms, define S corporation. Rather, section 6244 merely prescribes *what* procedures must be followed when a dispute arises between the IRS and an S corporation's shareholders as to the S corporation's items, regardless of how S corporation is defined elsewhere in the Code.[16] *See Miller v. United States*, 710 F.Supp. 1377, 1380 (N.D.Ga.1989); S.Rep. No. 97–640, 97th Cong., 2d Sess. 3, *reprinted in* 1982 U.S.C.C.A.N. 3253, 3275–76 ("The audit provisions [of the SSRA] are to generally follow new audit provisions made applicable to partnerships by the [TTPIA]. Thus, for example, rules relating to restrictions on assessing deficiencies, periods of limitations, and judicial review will follow the corresponding partnership rules.").

Section 6231(a)(1), by contrast, provides merely the *who*, and not the *what*, with re-

---

**16.** "S corporation" is defined in 26 U.S.C. § 1361(a). As the Tax Court recognized in *Eastern States:*

This definition was amended, contemporaneously with the enactment of the unified subchapter S procedures, so as to increase the

maximum permissible number of shareholders of an S corporation from 25 to 35. Despite this change, neither section 1361 nor section 6244 contains an express exception for a "small" subchapter S corporation.

96 T.C. at 779.

spect to the TTPIA's unified audit and litigation procedures. Unlike 26 U.S.C. § 6225, for example, which states when the IRS may assess a deficiency attributable to a partnership item, or section 6226, which specifies how and when partners may seek judicial review of a final partnership administrative adjustment, section 6231(a)(1) does not relate to how partnership items shall be assessed, how challenges to IRS adjustments shall be prosecuted, or how courts shall resolve disputes between taxpayers and the government. *See also* 26 U.S.C. § 6223 (specifying notice to be given partners); *id.* § 6224 (setting forth partners' "right to participate in any administrative proceeding relating to the determination of partnership items at the partnership level"). Hence, we conclude that section 6244 does not incorporate section 6231(a)(1) into the SSRA, much less furnish statutory authority manifestly contrary to the Secretary's regulatory determination that no small S corporation exception applies for tax returns due prior to January 30, 1987.[17]

■ Under 26 U.S.C. § 7805(b), the Secretary has broad discretion to limit the retroactive application of Treasury regulations. *Dixon v. United States,* 381 U.S. 68, 71, 85 S.Ct. 1301, 1303, 14 L.Ed.2d 223 (1965); *CWT Farms, Inc. v. Commissioner,* 755 F.2d 790, 802 (11th Cir.1985), *cert. denied,* 477 U.S. 903, 106 S.Ct. 3271, 91 L.Ed.2d 562 (1986).[18] Nothing with which we have been presented suggests that the Secretary's application of the small S corporation exception only prospectively constitutes an abuse of that broad discretion. We hold, therefore, that regulation 301.6241–1T was a proper exercise of the Secretary's regulatory power. As such, the exception from the unified litigation procedures for small S corporations is limited to taxable years for which the S corporation's return was or is due on or after January 30, 1987.

### D.

Appellants cite two judicial opinions in support of their contention that section 6244 mandates a small S corporation exception: the decision of a panel of the Fifth Circuit in *Arenjay,* 920 F.2d 269, and the dissenting opinion by a judge of the United States Tax Court in *Eastern States,* 96 T.C. at 783 (Whalen, J., dissenting). We find these opinions unpersuasive.

*Arenjay* does not address section 6241, the express statutory authority conferring discretion upon the Secretary to create any small S corporation exception. The *Arenjay* court simply held, without analysis, that "Congress grafted subchapter S onto the

---

**17.** The Secretary's determination is also supported by historical differences in the tax treatment of partnerships and S corporations, and the legislative histories of the TTPIA and the SSRA. The unified litigation procedures for partnerships originated in H.R. 6300, 97th Cong., 2d Sess. (1982). Under that original bill, the unified proceedings would have applied to all partnerships. Later, at a hearing on the bill, a representative of the American Bar Association's Section of Taxation recommended that an exception be made for partnerships with ten or fewer partners. *Tax Compliance Act of 1982 and Related Legislation: Hearing before the House Committee on Ways and Means on H.R. 6300,* 97th Cong., 2d Sess. 259–60 (1982) [hereinafter *House Hearing*] (statement of John S. Nolan). He reasoned that "[s]uch partnerships are exempt from the penalty under [26 U.S.C. § ] 6698 for failing to file partnership tax returns." *Id.* at 259; *see* Rev.Proc. 81–11, 1981–1 Cum.Bul. 651. "They treat themselves as co-ownerships rather than partnerships, and each co-owner resolves his own tax responsibilities separately as an individual with the IRS." *House Hearing* at 260. Thus, excepting partnerships having ten or fewer partners from the unified litigation procedures would prevent the proposed bill from interfering with "this established practice, which works well and does not present the serious administrative burdens at which this new proposal is directed." *Id.* Subsequently, the small partnership exception became part of the TTPIA.

No similar legislative or regulatory history reveals a practice of effectively exempting shareholders in small S corporations from the unified reporting requirements of 26 U.S.C. § 6037(a). Nothing in the legislative history of the SSRA indicates that Congress intended that there be a small S corporation exception to avoid interference with the established reporting practices of shareholders in S corporations. Consequently, it was reasonable for the Secretary to conclude that Congress did not *require* a small S corporation exception to the unified litigation procedures, but rather conferred upon the Secretary the discretion to create one if appropriate.

**18.** Section 7805(b) provides that "[t]he Secretary may prescribe the extent, if any, to which any ruling or regulation, relating to the internal revenue laws, shall be applied without retroactive effect."

partnership provisions; § 6231 is made applicable to S corporations by § 6244." 920 F.2d at 271. This conclusory statement begs the question whether the definition of partnership in section 6231 relates to the assessment and judicial determination of partnership items, or to the filing of claims with respect to partnership items, within the meaning of section 6244. It furnishes no analytical support for the court's ultimate conclusion.

In *Eastern States,* the dissent argued that section 6244 unambiguously extends to S corporations all provisions of the TTPIA which "relate to partnership items." 96 T.C. at 784 (Whalen, J., dissenting). Because "the term 'partnership' forms an integral part of the ... definition of 'partnership item,'" it reasoned, the definition of partnership—including the small partnership exception—relates to partnership items and thus is incorporated into the SSRA by section 6244. *Id.* at 785 (Whalen, J., dissenting). In our view, this reading of section 6244 is too broad. Section 6244 does not incorporate every provision of the TTPIA which relates to partnership items. Rather it incorporates all provisions of the TTPIA which relate to the *assessment of* partnership items, to *filing claims with respect to* partnership items, and to the *judicial determination of* partnership items. 26 U.S.C. § 6244. Under the dissent's analysis, all sections of the TTPIA would apply to S corporations through section 6244, because they all use or incorporate the term "partnership" and thus relate to partnership items in some way. This result would be inconsistent with section 6244, the title to which states that "*[c]ertain* partnership provisions" are made applicable to S corporation items. *Id.* § 6244 (emphasis added).

### III.

The district court correctly held that appellants were required to challenge the IRS adjustments to Alacare's 1983 and 1984 tax returns, if at all, in a unified proceeding. The court properly dismissed appellants' individual refund actions for lack of jurisdiction.

The judgment of the district court is AFFIRMED.