39 F.3d 263
 74 A.F.T.R.2d 94-6913, 94-2 USTC P 50,570
 HOME OF FAITH, doing business as Ambassador Manor South;
Jerry L. Franks, A Person Other Than the Tax
Matters Person, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-9020.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 1, 1994.
 
 Herbert P. Haschke, Jr., Tulsa, OK, for petitioners/appellant.
 Andrea R. Tebbets, Attorney, Tax Div., Dept. of Justice (Loretta C. Argrett, Asst. Atty. Gen., and Richard Farber, Attorney, Tax Div., Dept. of Justice, with her on the brief), Washington, DC, for respondent/appellee.
 Before SEYMOUR, Chief Judge, McKAY, Circuit Judge, and BELOT,* District Judge.
 SEYMOUR, Chief Judge.
 
 
 1
 Home of Faith, an S corporation, and one of its shareholders appeal a Tax Court determination that the court had jurisdiction to redetermine adjustments made by the IRS to Home of Faith's corporate returns using entity-level audit and litigation procedures. Shareholders in S corporations generally are required to follow the entity-level audit and litigation procedures which partners in partnerships must follow when challenging IRS adjustments to the entity's tax return. We must decide in this case whether Congress intended to exempt from those procedures S corporations having fewer than ten shareholders, just as it exempted partnerships with ten or fewer partners. We hold that Congress did not so intend and affirm.
 
 
 2
 Home of Faith was an S corporation for federal income tax purposes with seven shareholders during the relevant taxable years of 1984 and 1985. The IRS audited Home of Faith's corporate returns for those years pursuant to the S corporation audit and litigation procedures of IRC Secs. 6241-45, and mailed notices of adjustment to Home of Faith's tax matters person and to another shareholder, Jerry Franks. Mr. Franks filed a timely petition for readjustment in which he alleged that Home of Faith was excepted from the S corporation audit and litigation procedures because it had only seven shareholders. Mr. Franks relied on IRC Sec. 6244, which extends the unified partnership audit and litigation procedures to S corporations, and on IRC Sec. 6231(a)(1)(B), which creates an exception to those procedures for partnerships having fewer than ten partners. Mr. Franks contended that the IRS should have assessed income tax deficiencies against him individually before the statute of limitation expired on his 1984 and 1985 tax returns, and that the Tax Court no longer had jurisdiction to make the adjustments leading to the tax deficiencies because the limitation period had expired.
 
 
 3
 The circuits are split on whether Congress exempted S corporations having fewer than ten shareholders from the entity-level audit and litigation procedures. In Arenjay Corp. v. C.I.R., 920 F.2d 269 (5th Cir.1991), the court concluded, contrary to the Tax Court ruling here, that "Congress grafted subchapter S onto the partnership provisions; Sec. 6231 is made applicable to S corporations by Sec. 6244." Id. at 271. In Beard v. United States, 992 F.2d 1516 (11th Cir.1993), on the other hand, the court determined that section 6244 incorporated into the S corporation audit and litigation procedures only those partnership provisions relating to the assessment of partnership items, the filing of claims with respect to partnership items, and the judicial determination of partnership items. Because the definition of partnership does not fall into these categories, the court concluded that it was not incorporated by section 6244. Id. at 1522.
 
 
 4
 We have carefully considered the analysis and authorities set out in Arenjay and in Beard, and we find ourselves in substantial agreement with the position adopted by the Eleventh Circuit in Beard. Accordingly, we hold that Congress did not, by virtue of IRC Sec. 6231, exempt S corporations having less than ten shareholders from the otherwise applicable entity-level audit and litigation procedures imposed on S corporations under IRC Sec. 6244. The Tax Court therefore had jurisdiction to redetermine the adjustments made by the IRS.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable Monti L. Belot, United States District Judge for the District of Kansas, sitting by designation
 
 
 [1]
 After the Tax Court denied Home of Faith's motion to dismiss on jurisdictional grounds, the parties reached a settlement agreement reserving Home of Faith's right to appeal this ruling. Home of Faith does not contest the merits of the Tax Court adjustment entered in accordance with the settlement