**TWENTY–THREE NINETEEN CREEK-SIDE, INC.; Michael E. Baldigo, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 93–70687.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 1995.

Decided July 7, 1995.

Gary V. Judd, Petaluma, CA, for petitioners-appellants.

Gary R. Allen (Briefed), Asst. Atty. Gen., Tax Division, Washington, DC, for respondent-appellee.

Before: REINHARDT, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

The main issue in this case is whether tax treatment of a subchapter S corporation with five or fewer shareholders proceeds at the entity level or the shareholder level. A regulation provides for shareholder level treatment, but does not apply to the period at issue in this case. An issue of who is the "tax matters person" also arises.

## I. FACTS

Twenty-three Nineteen Creekside, Inc. is a subchapter S corporation. During its fiscal year at issue in this case, ending June 30, 1984, Michael L. Baldigo owned 72% of its shares, Alvis M. Rushton owned 25%, and another individual owned 3%. After the fiscal year ended, but before calendar year 1984 ended, Mr. Rushton acquired all the shares from the other two shareholders.

Near the end of the statute of limitations period, the IRS obtained from Mr. Rushton and Mr. Baldigo their signed consent to extend the time to assess tax attributable to the corporation. Then in 1989, the IRS sent a notice of final S corporation administrative adjustment, proposing to adjust the income of the corporation upward by $206,733. Identical copies of the notice of adjustment were mailed to Mr. Baldigo at various addresses the IRS had for him and to the "Tax Matters Person" at the corporation's address.

The Internal Revenue Code provides for designation of one of the individuals associated with a partnership or subchapter S corporation as "tax matters partner" or "tax matters person." See 26 U.S.C. § 6231(a)(7); 26 U.S.C. § 6244; 26 C.F.R. § 301.6231(a)(7)–1. The tax matters person has authority to take various actions on behalf of the entity in dealings with the Internal Revenue Service. 26 U.S.C. § 6226. Mr. Baldigo took the position that he was not the "tax matters person" for the corporation.

Despite his claim that he was not the tax matters person for the corporation, Mr. Baldigo took steps to preserve the corporation's rights. Within the 90 day period prescribed by 26 U.S.C. § 6226 for petitions made by the tax matters person, Mr. Baldigo filed a petition in the Tax Court for readjustment. He claimed that the IRS had erred in the disallowances of deductions and other determinations underlying the $206,733 adjustment. On the signature line, he signed as "Michael E. Baldigo for" the corporation. In the caption, a rubber stamp below his name says "A Person(s) Other Than the Tax Matters Person." Mr. Baldigo filed a second petition for readjustment after the 90–day period. This second petition was filed in accord with the time limits prescribed for a person other than the tax matters person to obtain review. See 26 U.S.C. § 6226(b).

Only the procedural disputes, not the amount of the tax, have been put at issue in this appeal. The Tax Court consolidated the two petitions, and decided after a hearing that Mr. Baldigo was the tax matters person. The Tax Court then held that tax treatment of the corporation was properly done at the entity, rather than the shareholder, level.

## II. ANALYSIS

All of the issues are questions of law, which we review de novo. *Ann Jackson Family Foundation v. CIR*, 15 F.3d 917, 920 (9th Cir.1994).

### 1. Tax Matters Person

Mr. Baldigo took the position that Mr. Rushton, not he, was the tax matters person. The corporation had not designated a tax matters person for its fiscal year ending June 30, 1984, the tax year at issue. Mr. Baldigo owned a majority of the shares of stock

during that fiscal year, although he sold out to Mr. Rushton a few months after the fiscal year ended.

■ The Tax Code makes the provisions for selecting a tax matters person found in the partnership section applicable to S corporations unless the Secretary changes the rules by regulation. 26 U.S.C. § 6244. No altering regulations were written, so the partnership provisions control. Because Mr. Baldigo owned the "largest profits interest," and no other tax matters person was designated, the Tax Court properly determined that by operation of law, he was the tax matters person for the taxable year at issue. 26 U.S.C. § 6231(a)(7); 26 U.S.C. § 6244; 26 C.F.R. § 301.6231(a)(7)–1T(m)(2).

■ Mr. Baldigo argues that he did not wish to be the tax matters person, because by October of 1984, he had sold all of his interest in the Corporation to Mr. Rushton and could not be assured of being paid for the work involved. This does not matter. The corporation did not designate a tax matters person for its taxable year ending June 30, 1984, so all that mattered under the statute was that Mr. Baldigo owned "the largest profits interest," and held that ownership "at the close of that taxable year." 26 C.F.R. § 301.6231(a)(7)–1T(m)(2). The phrase "taxable year" in the regulation refers, by the word "that," to the taxable year of the entity, not of the individuals owning interests in the entity.

> The tax matters partner *for any partnership taxable year* to which this paragraph (m) applies is the general partner having the largest profits interest in the partnership at the close of *that taxable year*....

26 C.F.R. § 301.6231(a)(7)–1T(m)(2) (emphasis added). This clarifies and is consistent with the statutory reference to the "taxable year involved." 26 U.S.C. § 6231(a)(7)(B). The issue differs from the limitations question answered in *Bufferd v. Commissioner,* — U.S. ——, 113 S.Ct. 927, 122 L.Ed.2d 306 (1993). We therefore conclude that the Tax Court correctly determined that Mr. Baldigo was the tax matters person for 2319 Creekside's 1984 fiscal year and that the petition for readjustment was properly filed by Mr. Baldigo.

## 2. Individual or entity level

■ Subchapter S corporations are treated similarly for tax purposes to partnerships, but they are not the same in all respects. Mr. Baldigo and 2319 Creekside argue that for the year at issue, they are entitled to tax administration at the individual rather than the entity level, like a partnership with ten or fewer partners. We affirm the Tax Court's determination that entity level administration was correct.

■ The controlling statutes expressly grant the Secretary the power to resolve the matters at issue by regulations. The general rule, that subchapter S corporations' tax treatment is determined at the corporate level, expressly provides for exceptions to be made by regulation:

> Except as otherwise provided in regulations prescribed by the Secretary, the tax treatment of any subchapter S item shall be determined at the corporate level.

26 U.S.C. § 6241. Likewise, the statute applying partnership tax procedures to subchapter S corporations expressly provides for modification and exception by regulation:

**Certain partnership provisions made applicable.**

> The provisions of
>
> (1) subchapter C which relate to—
>
> (A) assessing deficiencies, and filing claims for credit or refund, with respect to partnership items, and
>
> (B) judicial determination of partnership items, and
>
> (2) so much of the other provisions of this subtitle as relate to partnership items are *(except to the extent modified or made inapplicable in regulations)* hereby extended to and made applicable to subchapter S items.

26 U.S.C. § 6244 (emphasis added).

■ Partnerships have an exception to entity level treatment for "small partnerships," of ten or fewer partners. 26 U.S.C. § 6231(a)(1)(B). The Secretary promulgated a regulation creating a similar exception for small subchapter S corporations, with five or

fewer shareholders. 26 C.F.R. § 301.6241–1T(c). The regulation, however, does not apply to the tax year at issue:

> (c)(2) *Exception for small S corporations*—(i) *Effective date.* This paragraph (c)(2) shall apply to any taxable year of an S corporation the due date of the return for which (determined without regard to extensions) is on or after January 30, 1987.

> (ii) *Five or fewer shareholders.* For purposes of this paragraph (c), an S corporation shall not include a small S corporation. A small S corporation is defined as an S corporation with 5 or fewer shareholders, each of whom is a natural person or an estate....

26 C.F.R. § 301.6241–1T(c)(2). Thus, by its own terms, this regulation cannot benefit 2319 Creekside and Baldigo for the corporation's fiscal year ending June 30, 1984. The Secretary plainly considered earlier tax years, and decided not to apply the small subchapter S corporation to them, because subsection (a) of the same regulation provides for tax years beginning after December 31, 1982. 26 C.F.R. § 301.6241–1T(a).

■ Baldigo argues, based on *Arenjay Corp. v. Commissioner,* 920 F.2d 269 (5th Cir.1991), that notwithstanding the fact that the regulations do not help him, the small partnership exception of section 6231(a)(1)(B) applies through section 6244 to small S corporations. The Circuits have divided on this issue. The Fifth Circuit goes one way, in *Arenjay,* but the Tenth and Eleventh go the other, in *Home of Faith v. Commissioner,* 39 F.3d 263, 264 (10th Cir.1994), and *Beard v. United States,* 992 F.2d 1516, 1523 (11th Cir.1993). We join the Tenth and Eleventh Circuits.

The Eleventh Circuit pointed out that section 6244 "does not incorporate every provision ... which relates to partnership law. Rather it incorporates all provisions of the [law] which relate to *assessment of* partnership items, to *filing claims with respect to* partnership items, and to the *judicial determination of* partnership items." *Beard v. United States,* 992 F.2d 1516, 1523 (11th Cir.1993) (emphasis in original). *Beard* distinguishes between "partnership items" and the definition of a partnership. *Id.* The term "partnership item" is a term of art, defined by statute at 26 U.S.C. § 6231(a)(3). The term is defined so as not to include the definition of a partnership, where Congress put the exception for small partnerships. Thus § 6244, which by its own terms applies only to "partnership items," does not apply to the small partnership exception to subchapter S corporations.

Under § 6241, Congress provided that tax determinations for S corporations would take place at the corporate level, except where the Secretary provided otherwise by regulations. Congress authorized the Secretary to change this by regulation, and the Secretary did so, but only for tax years subsequent to the one at issue. We therefore affirm the Tax Court's determination that there is no small S corporation exception to entity level treatment for the 1984 tax year.

*3. Other arguments*

■ Mr. Baldigo argues that the IRS did not pay the United States Postal Service properly for its mailing services, so should be treated as though it had not properly mailed the notice in this case. But the notice was admittedly received and responded to within the ninety day period, so the claimed defect in mailing is immaterial. *McKay v. Commissioner,* 886 F.2d 1237, 1238 (9th Cir.1989).

■ Mr. Baldigo also argues that if he, not Mr. Rushton, was the tax matters person, then Mr. Rushton's stipulation as tax matters person to extend the statute of limitations was without effect. But Mr. Baldigo signed the stipulation too, albeit as "authorized representative" below Mr. Rushton's signature as "tax matters person," so the stipulation was effective whichever of them was the tax matters person. *See Bugaboo Timber Co. v. Commissioner,* 101 T.C. No. 31, 1993 WL 480165 (Nov. 22, 1993).

AFFIRMED.