[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11135

Non-Argument Calendar

_____

TODD KOHOUT,
LISA M. KOHOUT,

Petitioners-Appellants,

*versus*

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court
Agency No. 11958-17

_____

2                    Opinion of the Court                    23-11135

Before JORDAN, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Todd and Lisa Kohout appeal the tax court's order determining their amount of tax liability after a trial ending in the Commissioner of Internal Revenue's favor.  We affirm.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Mr. Kohout formed Cornerstone Enterprises, Inc., as an S corporation and was its sole shareholder.[1]  Cornerstone's 2013 federal income tax return reported gross receipts of $1,919,190 from its business and real estate activities.  But on the Kohouts's 2013 joint income tax return, they only reported an income of $58,600, which included $57,986 derived from Cornerstone and a different S corporation.

The IRS issued a notice of deficiency to the Kohouts.  As stated in the notice, the IRS determined that the Kohouts owed $923,380 in taxes and $184,676 in penalties for inaccurate reporting.  The deficiency calculation accounted for more than $2 million in upward adjustments to the Kohouts's reported income, including a line item of $1,306,640 for "Sch. E-Inc/Loss-Prtnrship/S Corps-

---

[1] An S corporation "generally does not pay income taxes as an entity"; instead, an S corporation must report its gross income and deductions on an "informational return," and those "items are then 'passed through' . . . to the shareholders, who report them on their personal income tax returns." *Beard v. United States*, 992 F.2d 1516, 1518 (11th Cir. 1993) (citations omitted).

Passve/Non-Passve" that we'll call the "Schedule E adjustment." The Schedule E adjustment was based on the IRS's disallowance of deductions that Cornerstone claimed.

To contest the notice, the Kohouts petitioned the tax court. Their operative amended petition alleged that Cornerstone overreported its income on its 2013 informational return. According to the Kohouts, "Cornerstone should have reported 2013 gross receipts of $963,591 instead of $1,919,190." If that were true, the Kohouts would've had less taxable income in 2013 and thus a smaller deficiency and penalty.

During the tax court proceedings, the Kohouts and the Commissioner entered into two "stipulation[s] of settled issues" relevant to this appeal. In the first stipulation, "[t]he parties agree[d] that adjustment 1.a, Sch. E-Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve, is reduced to $1,000,000." In the second stipulation, the parties described the "key remaining issue" for trial as "whether [the Kohouts] can show they overstated petitioner Todd Kohout's income from Cornerstone . . . by $955,599, as alleged in their amendment to [the] petition."

The tax court held a trial and found that the Kohouts didn't show the reported income was overstated. The tax court explained that the Commissioner's deficiency determinations were "presumed correct" and the Kohouts had "the burden of proving that th[ose] determinations [we]re incorrect." It found that the Kohouts didn't satisfy that burden because "[g]ross receipts reported on a return are admissions that must be overcome by cogent

evidence."  The tax court cited how "[t]he Kohouts . . . , by their own admission, failed to keep adequate records" showing why Cornerstone reported the receipts that it reported.  Although Mr. Kohout testified in an attempt to "reconstruct" the return, the tax court found that his testimony was "self-serving," "vague, conclusory, and contradictory in . . . material respects."  The tax court separately found that testimony by the Kohouts's expert, accountant William Fricke, fell short of cogent evidence because his testimony was not corroborated by any other evidence in the record.  Instead, as Fricke testified, he just "took Mr. Kohout's word for it" as to the nature of Cornerstone's business transactions.  The tax court separately rejected the Kohouts's contention that they could deduct a $132,275 loss from Preferred Medical Funding, LLC (PMF), which was one of Cornerstone's business ventures.

The tax court directed the parties to file computations as provided for in Tax Court Rule 155.  Under rule 155, a tax court may withhold entering its final decision to allow the parties to confer and agree on the proper deficiency and penalty amounts.  Tax Ct. R. 155(a).  The parties here didn't agree on a computation, so each submitted a proposed computation as provided for in rule 155(b).  *See id.* R. 155(b) ("If the parties are not in agreement as to the amount . . . , then each party shall file with the [c]ourt a computation of the amount believed by such party to be in accordance with the [c]ourt's findings and conclusions.").

The Commissioner determined that the Kohouts's taxable income was $1,017,398 after making appropriate deductions,

which was mostly attributable to the Schedule E adjustment. Citing the stipulated Schedule E adjustment, the Commissioner explained that "the parties agree[d] that [the] adjustment" to the Kohouts's reported income "should be $1,000,000." This resulted in an income tax deficiency of $350,536 and, ultimately, a total tax deficiency of $355,589 once other self-employment and net-investment taxes were factored in.

Relying on Fricke's analysis, the Kohouts contended that their taxable income was $326,476. The Kohouts acknowledged the stipulated Schedule E adjustment of $1,000,000. But their computation *subtracted* the $1,000,000 adjustment from "expenditures of $1,389,667 [reported] on the[ir] original return" instead of factoring it into their income. The Kohouts also subtracted the alleged PMF loss of $131,975. Their final computation proposed a total deficiency of $86,899.

The tax court found that the Commissioner's "computations properly reflect[ed its] conclusions" from the trial. So it ordered the Kohouts to pay $355,589 in back taxes. And it separately ordered that they pay $71,117.80 in penalties.

The Kohouts timely appealed.

## DISCUSSION

On appeal, the Kohouts maintain that the first stipulation of issues—specifically, the stipulated Schedule E adjustment—was "erroneous" and the tax court shouldn't have adopted the Commissioner's computation relying on it. Although the stipulation

stated the Schedule E adjustment was "reduced *to* $1,000,000," the Kohouts argue the "offending preposition[] 'to'" conflicted with the trial evidence and should have been removed. In other words, the Kohouts argue that the tax court should have read the stipulation as saying the Schedule E adjustment was "reduced *by* $1,000,000." Because of the purported conflict, they argue that setting aside or amending the first stipulation was necessary to avoid "manifest injustice."

The Kohouts are right that both the Tax Court Rules and our precedent allow relieving a party of a stipulation. *See* Tax Ct. R. 91(e) ("A stipulation will be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the [c]ourt . . . ."); *Loftin & Woodard, Inc. v. United States*, 577 F.2d 1206, 1232 (5th Cir. 1978) ("[T]he district court was entitled to disregard the stipulation if to accept it would have been manifestly unjust or if the evidence contrary to the stipulation was substantial."). But the Kohouts never asked the tax court to disregard or amend the first stipulation of issues. Nor did they argue that relying on the first stipulation would be manifestly unjust or contrary to the trial evidence. Their own computation brief discussed the same stipulation without asserting it was inaccurately phrased in any way.

Because the issue of whether the stipulated Schedule E adjustment should've been set aside or amended was not "appropriately raised" in the tax court, the Kohouts forfeited it. *Stubbs v. Comm'r*, 797 F.2d 936, 938 (11th Cir. 1986); *see also Access Now, Inc.*

23-11135                Opinion of the Court                7

*v. Sw. Airlines Co.*, 385 F.3d 1324, 1330–31 (11th Cir. 2004). They raise the issue for the first time in this court. But we cannot amend the stipulation to remove the "offending preposition[] 'to'" in the first instance. The stipulation's accuracy in relation to the trial evidence is a "particularly fact-bound issue[]" that the tax court "never had a chance to examine." *See Access Now, Inc.*, 385 F.3d at 1331; *cf. Stamos v. Comm'r*, 87 T.C. 1451, 1455 (1986) ("The interpretation of a stipulation primarily is determined by ascertaining the intent of the parties, and such intent is a question of fact." (citations omitted)).

The Kohouts's forfeiture, itself, is enough to affirm the tax court's rule 155 order. The Kohouts do not challenge any of the tax court's other findings of fact in adopting the Commissioner's computation. But the Kohouts contend that, even if they did not preserve the issue of whether they should have been held to the stipulated Schedule E adjustment, we should review the merits because "[they] had no opportunity to properly raise th[e] objection."

We are unconvinced that the Kohouts could not have asked the tax court to amend the stipulation when they submitted their rule 155 computation. But even if they lacked that opportunity, and assuming that the missed opportunity would warrant our review, *cf. United States v. Campbell*, 26 F.4th 860, 872 (11th Cir. 2022) (en banc) (noting that we only resurrect forfeited issues in "extraordinary circumstances" (citation omitted)), the tax court did not abuse its discretion by holding the Kohouts to their stipulation. *Cf. Morrison v. Genuine Parts Co.*, 828 F.2d 708, 709–10 (11th Cir. 1987)

(explaining that a court has "broad discretion in determining whether to hold a party to its stipulation").

Contrary to the Kohouts's suggestion, the circumstances here are nothing like those we considered in *Central Distributors, Inc. v. M.E.T., Inc.*, where we remanded for a new trial because the district court denied the plaintiff's requests to introduce trial evidence that wasn't listed in a pretrial stipulation. *See* 403 F.2d 943, 945–46 (5th Cir. 1968). The Kohouts were not denied any "meaningful examination of the only real issue[]" regarding the $1,000,000 Schedule E adjustment—whether that adjustment included gross receipts that Cornerstone overstated. *See id.* at 946. The tax court's trial was primarily devoted to that very issue.

Nor did the tax court clearly err by adopting the Commissioner's computation, which factored in the stipulated Schedule E adjustment.[2] "The Commissioner's determination of a deficiency is presumed correct," and it's the taxpayer's burden to "prov[e] otherwise." *Tucker v. Comm'r*, 841 F.3d 1241, 1249 (11th Cir. 2016) (citing *Welch v. Helvering*, 290 U.S. 111, 115 (1933)). The tax court here reasonably found the Kohouts didn't overcome the presumption that the Commissioner's income calculation, primarily based on the stipulated Schedule E adjustment, was correct. The Kohouts's computation relied on Fricke's analysis although, as the tax court

---

[2] We review for clear error a tax court's findings of fact. *Est. of Atkinson v. Comm'r*, 309 F.3d 1290, 1293 (11th Cir. 2002). We review for clear error "even where th[e] fact[ findings] are based on stipulations entered into by the parties." *Bone v. Comm'r*, 324 F.3d 1289, 1293 (11th Cir. 2003).

explained, Fricke had no real evidence to support his analyses beyond Mr. Kohout's self-serving reconstruction of the 2013 tax filings. The Kohouts also relied on the PMF loss, but the tax court found that the Kohouts couldn't claim a deduction based on that loss. To the extent the Kohouts's computation attempted to relitigate the tax court's trial findings, rule 155 was not a vehicle to challenge those findings. *See* Tax Ct. R. 155(c) ("[N]o argument will be heard upon or consideration given to the issues or matters disposed of by the [c]ourt's findings and conclusions or to any new issues . . . . This [r]ule is not to be regarded as affording an opportunity for retrial or reconsideration.").

## CONCLUSION

In short, the Kohouts have offered no justification for disturbing the tax court's deficiency and penalty determinations under rule 155.

**AFFIRMED.**